In the Matter of the Application of HARRY J. SCHADLER, Petitioner, for an Order under Article 78 of the Civil Practice Act, against MARK GRAVES, as Commissioner of Taxation and Finance of the State of New York, Defendant.

Third Department, January 17, 1940.

*Samuel D. Smoleff*, for the petitioner.

*John J. Bennett, Jr.*, Attorney-General [*Patrick H. Clune* and *Everett D. Mereness*, Assistant Attorneys-General, of counsel], for the defendant.

FOSTER, J. In this proceeding petitioner had a fair hearing. Four witnesses testified against him. If any one of them told the truth there was sufficient basis for the finding that petitioner had accepted a bribe. Conceding some discrepancies the testimony of each witness was such that his veracity cannot be properly deter-

mined from the mere perusal of a printed record. To attempt to do so would merely substitute our judgment for that of the trial examiner and without the benefit of either seeing or hearing the witnesses. Moreover, it seems almost incredible that four men, not previously acquainted with each other in so far as the record shows, would deliberately commit perjury in order to unjustly oust petitioner.

There is no rule requiring corroboration of the testimony of accomplices in a proceeding of this character. Either corroboration is required, or it is not. There can be no half way rule despite the dicta contained in *Matter of Roge* v. *Valentine* (280 N. Y. 268). The spirit of such a rule cannot be applied without also applying the letter. Apparently it has not heretofore been required. (*Matter of Neary* v. *Lynch*, 237 App. Div. 863.)

Testimony as to petitioner's mode of life was properly denied. Such testimony may be admissible in certain cases, and within definite limitations, against a defendant to show possessions above and beyond his normal salary or earning capacity, and if it is introduced for such purpose then, of course, the defendant may explain. It does not follow, however, that the failure to live beyond one's apparent means has any probative value against a charge of bribery, especially where specific instances are charged and the amounts involved are small.

The determination should be confirmed, without costs.

BLISS and SCHENCK, JJ., concur; HILL, P. J., dissents, in an opinion, in which CRAPSER, J., concurs.

HILL, P. J. (dissenting). The Albany Special Term has transferred to this court this proceeding instituted by petitioner under article 78 of the Civil Practice Act, to review the determination made by the Commissioner of Taxation and Finance, which found him guilty of accepting bribes and gratuities in connection with the discharge of his official duties and removed him from his office as a motor vehicle license examiner.

He is an honorably-discharged World war veteran who passed a competitive civil service examination in 1924 and continued in that office until his suspension because of these charges on June 27, 1939. Four persons who had been examined by him testified, one that he clipped a five-dollar bill to the personal card of " some one politically connected " and handed it to petitioner at the beginning of his examination, another that he folded three one-dollar bills with the paper which gave him the right to take the examination, which he handed to petitioner. The other two were young men who testified very similarly, each that as he was making or

about to make, or had just finished, a U-turn he handed petitioner two dollars, saying, " Buy yourself a cigar." The card of the politically connected person was stated by the bribe giver, Nielsen, to have been given him by a distant acquaintance, Pero, who was not produced by the complainant. Nielsen upon cross-examination stated where Pero worked and the petitioner subpœnaed him and brought him into court. He denied both having the conversation detailed by Nielsen and giving him the card. The testimony of the claimed donor of the three dollars was contradictory in some respects. He first said that he saw petitioner place the three dollars in his pocket, that he took it from the paper and signed the witness' name upon the blank. He later contradicted each of these statements. One of the other two witnesses gave an incorrect description of the personal appearance of petitioner and made these answers: " Q. Don't you think you have got the wrong inspector? A. I can't recognize his face. I can't remember from last year. * * * Q. Aren't you very uncertain as to whether this is the man you had this transaction with? A. Yes." He had taken three tests, each with a different inspector. The three-dollar and two-dollar bribe givers each say that petitioner in substance said that it was unnecessary to give him any money, that they were good drivers and qualified to receive licenses.

All of the foregoing was denied by the accused and he called four apparently substantial men living in the vicinity of his home at Bayville, L. I., who testified to his good character and reputation over a period of several years. Complaint is made that petitioner was not permitted to show that he and his family lived in a manner and style permitted by the salary which he received; also that the testimony of the claimed accomplices and bribe givers was not corroborated in any way.

Courts with more words than clarity have announced the extent to which common law and statutory rules of procedure are to be applied by commissioners and like officials in disciplinary proceedings. This petitioner has suffered a fate infinitely worse than a conviction for petty larceny of the amounts involved, or conviction of a felony which would be sustained if he as an official accepted a bribe. As an applicant he held a favored place because of his World war service. After fifteen years of efficient work, he is thrown out of employment, branded as a thief after a trial wherein the evidence would not have justified his conviction of petty larceny before a magistrate or justice of the peace.

Since 1882 the Code of Criminal Procedure of this State has contained the following (§ 399): " A conviction cannot be had upon the testimony of an accomplice, unless he be corroborated by such

other evidence as tends to connect the defendant with the commission of the crime." The Court of Appeals recently has construed the extent to which statutes and common-law rules applicable to judicial trials are to be applied in proceedings of this character. (*Matter of Roge* v. *Valentine*, 280 N. Y. 268.) It is stated in that opinion (p. 280) that a hearing officer should observe the spirit of the rules but may reject the letter. The opinion also cites from an earlier opinion of the same court (*Matter of Greenebaum* v. *Bingham*, 201 N. Y. 343) to the effect that some latitude must be allowed as to the rules of evidence, methods of examination and the like " ' but no essential element of a fair trial can be dispensed with unless waived, and no vital safeguard violated without rendering the judgment of conviction subject to reversal upon review.' " Also from another opinion (*People ex rel. Hirschberg* v. *Board of Supervisors*, 251 N. Y. 156) to the effect that administrative boards and commissioners in proceedings of this kind " may employ a yardstick devised by the use of reason and fairness to meet their particular problems. In the review of their determinations, the courts must apply a similar measure." No one may question the vice and dangerous results that would follow from permitting unskilled persons to drive automobiles, yet men who are willing to bribe officials to obtain a right to drive when their ability is questionable, are not of a high standard of morality. The probative force of Nielsen's evidence was destroyed by his false statement proven by a disinterested witness. The testimony given by the other three is not very convincing.

I believe that under paragraph 7 of section 1296 of the Civil Practice Act this determination should be annulled and the matter remitted for a new hearing whereat petitioner be permitted to prove his manner of life, for if he accepted these bribes he had accepted others in all probability, and his improved financial condition would be evidenced by his mode of life. The hearing commissioner should regard the trial as a serious matter and not as a routine departmental function. Possibly no rule should be established as to corroboration, but it is well to remember that the judicial rule has worked satisfactorily for more than half a century.

CRAPSER, J., concurs.

Determination confirmed, without costs.