Harold A. Felix, J.
The.se proceedings originated in the Criminal Court of the City of New York -by a felony complaint Docket No. N314353 charging the respondent father herein with an act of sodomy upon and endangering the welfare of his daughter Linda, age il (Penal Law, §■§ 130.50, 260.10). Transfer was made to the Family Court by the Criminal Court.
The instant petition charging abuse and neglect, filed by the Department of Social Services on March 29, 1973 on behalf of Jonathan Hawkins and Linda Hawkins, alleges that the respondent “ did perpetrate numerous acts of a sexual nature against the child, Linda; specifically, on or about March 9, 1973 he did place his penis against the child’s naked posterior.”
*739 After a full, fair and impartial hearing, including the testimony of four witnesses and the respondent, and the introduction into evidence of five numbered exhibits, the court by a preponderance of the competent, material and relevant evidence adduced, is constrained to make a finding of abuse as to the child Linda, and a finding of neglect as to the child Jonathan.
Petitioner’s Exhibit I consists of Linda’s out-of-court statement to a social worker with regard to the said act of sexual contact with the respondent and was admitted into evidence pursuant to section 1046 (subd. [a], par. [vi]) of the Family Court Act:
“ § 1046. Evidence
“(a) In any hearing under this article * * * (vi) previous statements made by the child relating to any allegations of abuse or neglect shall be admissible in evidence; provided, however, that no such statement, if uncorroborated, shall be sufficient to make a fact-finding of abuse or neglect ”.
The required corroboration was supplied by an eyewitness to the said occurrence, 13-year-old Jonathan. Jonathan testified under oath that while passing by the open bathroom door he saw the respondent standing behind Linda and “ gyrating ” against her while her pants were down.
The exception to the hearsay rule set forth in section 1046 (subd. [a], par. [vi]) must be interpreted within the constitutional framework of due process. (Matter of Cardinal [Munyan], 30 A D 2d 444.) The very purpose of article 10 as expressed in section 1011 is “to provide a due process of law ’ ’ mechanism for the State’s intervention into the parent-child relationship. Albeit a civil proceeding, certain Fifth Amendment rights (i.e., self incrimination) are not viable. (Matter of Gigi B., 71 Misc 2d 176.)
Fair treatment necessitates in the instant case that the required corroboration within the meaning of section 1046 (subd. [a], par. [vi]) be sworn testimony, thereby subjecting such testimony to the fire of cross-examination. No other case on this point has come to light. The essence of corrobration may then be gleaned from other situations requiring it. Corroboration is defined in Ballentine’s Law Dictionary (3d ed., 1969) at page 276, as “ evidence of such substantial facts and circumstances as will produce in a sound and prudently cautious mind a confident conclusion that the testimony of the complainant is true in all essentials * * * Corroboration .is somewhat less than confirmation”. Accordingly, corroborating evidence is defined as “ [Additional evidence of a different character to *740 the same point * * * such evidence as tends to confirm and strengthen the testimony of the witness sought to be corroborated ; that is, such as tends to show its truth, or the probability of its truth.”
Thus, in light of the nature of corroborating evidence in criminal cases, the courts have clearly held that one child’s unsworn testimony cannot be corroborated by another child’s unsworn testimony. (People v. Norris, 28 Misc 2d 705; People v. Nolan, 2 A D 2d 144; People v. Masiano, 258 App. Div. 454.)
'Corroboration is also needed to substantiate the testimony of an accomplice. The weight and probative value of such evidence was analyzed by the court in People v. Dingle (70 Misc 2d 840). The question presented in Dingle was whether the presence of a person in a car was sufficient to corroborate the accomplice’s testimony who was apprehended in the car with drugs in his pocket. The offered corroborative evidence was that of the arresting’ officer who testified that the two were in the same car. The court stated this to be insufficient: “ The required corroborative testimony is insufficient if it tends only to establish the credibility .of the accomplice. The statute does not say that there may be a conviction on the testimony of an accomplice alone, if shown to be credible. The corroborative testimony, to have any value, must be evidence from an independent source of some material fact tending to show that the defendant was implicated in the crime. The independent evidence other than that of the accomplice must fairly and reasonably tend to connect the defendant with the commission of the crime.” (70 Misc 2d, at pp. 841-842.)
“ Dingle’s explanation of why he and Early were at this specific location is merely ‘ testimonial bootstrapping ’, rather than independent buttressing.” (70 Misc 2d, at p. 843.)
In the case at bar, the out-of-court statement by Linda of what transpired on March 9, 1973 was corroborated by the sworn testimony of Jonathan and thus in the court’s view in accord with section 1046 (subd. [a], par. [vi]). Inasmuch as Jonathan took the stand and gave testimony under oath, the court need not pass upon the issue of whether statements made to the court in camera by the children would corroborate the out-of-court statement pursuant to section 1046. There is some basis to that contention, since the Court of Appeals in Matter of Lincoln v. Lincoln (24 N Y 2d 270) approved of the trial court’s action in a custody proceeding of interviewing the child in the absence of its parents or their counsel, the only ‘ ‘ test ’ ’ being ' ‘ whether the deviation will on the whole benefit th^ *741 child by obtaining for the Judge significant pieces of information he needs to make the soundest possible decision.” (24 N Y 2d, at p. 272.) As the end result in both a custody case and article 10 proceeding may result in the parent’s “ loss ” of the child, there seemingly is an argument that the child’s interview with the Judge may be corroboration within the meaning of section 1046. However, as has already been stated, “truth” in the instant case was best ascertained by Jonathan’s sworn testimony serving as corroboration of the out-of-court statement made by Linda, and it is the truth of the child’s statements with which these proceedings are concerned.
The wife of the respondent also testified, stating that she and the respondent have been married for approximately 15 years and have three children, Jonathan, and Linda and David, twins. She related that David does not live at home but was placed at Children’s Village about a year ago. She testified that upon Jonathan’s telling her about the scene he witnessed in the bathroom, she then drew forth the story from Linda. Mrs. Hawkins then testified that Linda was brought to Metropolitan Hospital and a vaginal smear was taken on March 11, 1973, two days after the said occurrence. The pathological report was unable to identify spermatozoa. The lack of spermatozoa is not pertinent in view of the specific act alleged in the petition. In any event, even if actual rape had been alleged the intervention of two days between the act and the examination would be relevant in weighing a medical report unable to identify spermatozoa. The court also notes that Mrs. Hawkins who has been married to the respondent for many years placed .enough credence in the children’s statements to have Linda medically examined.
The court thus finds Linda to be an abused child as defined in section 1012:
“ (e) ‘ Abused child ’ means a child less than sixteen years of age whose parent * * * (iii) commits, or allows to be committed a sex offense against such child, as clefined in the penal law, provided, however, that the corroboration requirements contained therein shall not apply to proceedings under this article.”
Article 130 of the Penal Law sets forth the four codified sex offenses: sexual misconduct, rape, (consensual) sodomy, and sexual abuse. Section 130.00 (subd. 3) defines “ sexual contact ” as “ any touching of the sexual or other intimate parts of a person not married to the actor for the purpose of gratifying sexual desire of .either party.” Sexual abuse sections (§§ 130.55, 130.60 and 130.65) are described in terms of sexual contact. Section 130.65 sets forth the provisions for sexual abuse in *742 the first degree: “A person is guilty of sexual abuse in the first degree when he subjects another person to sexual contact # # * 3. When the other person is less than eleven years old.”
A finding of child abuse by the respondent does not convict the respondent of any act under the Penal Law and in fact a respondent could be “ acquitted of the very same charge of child abuse in a criminal court for lack of corroboration or proof beyond a reasonable doubt and yet be ordered to cease and desist on a simple uncorroborated preponderance finding 'in a * * * family court ”. (Midonick, Children, Parents and the Courts, 110-111 [1972].)
Section 1046 (subd. [a], par. [i]) of the Family Court Act acknowledges the teaching of experience, namely, that the parent who abuses or neglects one child is likely to do so to his other children, therefore, the abuse and neglect of one child by the respondent is admissible on the issue of1 the abuse or neglect of any other child of the respondent’s. (Matter of Edwards, 70 Misc 2d 858; Matter of Santos, 71 Misc 2d 789.) Thus the finding of abuse as to Linda is relevant with respect to a proceeding/ regarding Jonathan.
Jonathan is found to be a neglected child within the meaning of section 1012 (subd. [f]) of the Family Court Act:
“ (i) whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his parent or other person legally responsible for his care to exercise a minimum degree of care. * # &
“ (B) in providing the child with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof ”.
This section has been construed as encompassing the phrase “ lack of moral supervision ” used in the prior relevant section of the Family Court Act (§ 312). (Matter of Tesch, 66 Misc 2d 900.) The actions of the respondent toward Linda exhibited at the minimum a serious lack of moral supervision and guidance and such behavior is directly detrimental to the best interests of Jonathan, who actually witnessed the said conduct.
ordered that the Office of Probation conduct a pre-dispositional investigation and that in pursuance thereof psychiatric and psychological examinations be scheduled for respondent; and it is further
ordered that the temporary order of protection directing the respondent to stay out of the marital home and away from the *743 children as previously ordered is continued to the date of the dispositional hearing to be calendared for February 22, 1974, and it is further
ordered that the support petition bearing Docket No. F-2381/71 be scheduled for the afore-mentioned date and that the previously calendared date of January 16, 1974 for that proceeding and the instant proceeding be vacated.