OPINION OF THE COURT
Frank Torres, J.
In this proceeding to extend placement of a child pursuant to article 10 of the Family Court Act, respondent has made a motion requesting the presence of his counsel at the court-ordered psychiatric evaluation to be conducted by the Bureau of Mental Health Services. For the reasons hereinafter set forth, respondent’s motion is denied.
The pertinent facts are as follows:
On January 8,1980, a neglect petition was filed in Bronx Family Court against respondent father concerning his daughter. On March 28, 1980, a finding of neglect was made on respondent’s admission pursuant to section 1051 of the Family Court Act in full satisfaction of the petition. At that time respondent was represented by court-appointed counsel. Bronx Legal Services was substituted as respondent’s counsel on February 27, 1981.
*827 On June 2, 1980, after a full dispositional hearing, encompassing admission of a mental health study, and an investigation report, the court placed the child with the Commissioner of Social Services for a period of 18 months. The child was placed in foster care.
On December 2,1982, petitioner filed for an extension of placement pursuant to subdivision (b) of section 1055 of the Family Court Act. The respondent demanded return of his child. The matter was referred to a Trial Part and adjourned to December 22,1982. On the adjourn date respondent objected to a court-ordered psychiatric evaluation to be performed by the Bureau of Mental Health Services. The issue of psychosocial health of the respondent is vital. When the objection was denied, respondent made the instant motion to allow the presence of counsel during the court-ordered psychiatric examination.
Respondent asserts a constitutional right to the presence of counsel at the court-ordered psychiatric examination based on the Sixth Amendment guarantee of effective assistance of counsel. Respondent’s attorney argues that the inability to observe directly the questioning and interaction between the respondent and the psychiatric examiner compromises his ability to cross-examine the examiner, and prepare for the challenge of his report to the court, thus violating respondent’s Sixth Amendment right.
The Sixth Amendment does guarantee to criminal defendants the right to effective assistance of counsel. (See, e.g., Gideon v Wainwright, 372 US 335.) In Lassiter v Department of Social Servs. (452 US 18) the United States Supreme Court held that the right to counsel in termination proceedings was within the discretion of the individual States. In New York such a right has been extended to both termination and neglect proceedings. (See Matter of Ella B., 30 NY2d 352; Matter of Shalom S., 88 AD2d 936; Family Ct Act, § 262.)
Although the respondent is entitled to counsel in all child protective matters, a neglect proceeding is not a criminal case and the incidental prescribed components cannot necessarily be equated with what transpires in a criminal case, either substantively or procedurally. As *828 explained in Matter of Maureen G. (103 Misc 2d 109, 113): “The primary purpose of article 10 proceedings, therefore, is to protect children from abuse and neglect. (People v Kenyon, 46 AD2d 409, 412.) These proceedings are civil in nature (Matter of Diane B., 96 Misc 2d 798, 800), and are to be clearly distinguished in purpose and intent from criminal actions. They are not designed to punish offenders for acts against their victims, but to protect their victims from further harm.”
In this regard the court finds that the reliance which respondent places on Matter of Lee v County Ct. of Erie County (27 NY2d 432), and United States v Wade (388 US 218), is misplaced. An analysis of the decision reveals that it is distinguishable both on its facts and on the policy underlying the decision.
The court in Lee {supra) was faced with a pretrial psychi- . atric examination of a defendant in a criminal action. In applying Wade {supra), the court found that although the Sixth Amendment does not provide a blanket guarantee to the presence of counsel at every step of a proceeding, a defendant was entitled to the presence of counsel at a pretrial psychiatric evaluation on the issue of insanity. In so holding, the Court of Appeals sought to effectuate the policy objective, enunciated in Wade, that counsel be present at all critical adversarial stages of preconviction criminal proceedings to serve as a check on constitutionally impermissible police and prosecutorial actions.
The respondent has given no authority to support the application of this policy in civil neglect proceedings, at the dispositional stage, such as we are faced with herein.
Assuming that the Wade policy were to be applied to neglect proceedings, an analysis of the nature and context of the psychiatric examination in a case such as the one before this court reveals that it does not rise to the level of a critical stage as set forth in Wade.
In Wade {supra) the Supreme Court construed the Sixth Amendment guarantee to apply to critical stages of the proceedings and developed a two-prong test for determining what constituted a critical stage. In determining whether the presence of counsel was constitutionally man *829 dated, the Wade court (p 227) required that courts “analyze whether potential substantial prejudice to defendant’s rights inheres in [a] particular confrontation and the ability of counsel to help avoid that prejudice”. Applying the Wade test, respondent, herein, has failed to show either that the potential for substantial prejudice exists or that the presence of counsel could effectively avoid such prejudice. Instead, the court finds that the examination in question is nonadversarial in nature and that no systemic bias exists, nor is there any evidence of particular or individual prejudice against the respondent offered. Respondent is adequately protected by the availability and provision of the psychiatric report prior to court hearing, the right to cross-examine the psychiatric examiner, and to submit contradictory psychiatric evaluation, or other evidence of such nature, to the court. In addition, the court finds that the independence and accuracy of the psychiatric evaluation could be compromised by the introduction of counsel into the clinical setting and examinor-examinee relationship. Professional accuracy, objective reliability, is essential to achieve the paramount purpose of these proceedings, which is to insure the child’s right to be free from harm, to be protected.
Based on the foregoing, respondent’s motion to allow the presence of his counsel at the court-ordered psychiatric evaluation is denied.
The respondent is ordered to appear for examination as ordered and scheduled.