OPINION OF THE COURT
Robert L. Estes, J.
The Commissioner of Social Services alleges that the four children of the respondent father in this proceeding are abused. Sexual abuse is alleged against each of the girls consisting of sexual intercourse on several occasions with Cindy, and sexual contact with Suzanne on other occasions. The allegations against the two boys consist only of the fact that they reside in the same household with their two sisters and are in danger of being abused.
At the fact-finding hearing, the two girls were present in the courthouse, but were not called as witnesses. Instead, *396 written statements taken from each of them by the investigators of the Department of Social Services were offered and received in evidence under section 1046 (subd [a], par [vi]) of the Family Court Act. Also introduced and received in evidence over objection of his attorney was a written statement by the respondent himself, made to an investigator contemporaneously with the statement made by Cindy. The statements by Cindy and the respondent were both made approximately four hours after that of Suzanne was made.
Testimony of the department’s investigator indicated that the respondent candidly admitted the acts of intercourse described by his daughter Cindy, who was then 16, but consistently denied the sexual contact alleged by his daughter Suzanne to have occurred when she was 13 and 14.
Although Cindy’s out-of-court statement cannot sustain a finding of abuse without corroboration, the respondent’s written admissions provide sufficient corroboration upon which to convince the court by a fair preponderance of the evidence that the respondent engaged in sexual intercourse with Cindy (who is a female less than 17 years old) and is therefore guilty of rape in the third degree, a sex offense defined in the Penal Law. The court therefore finds that Cindy B. is an abused child as defined in section 1012 (subd [e], par [iii]) of the Family Court Act.
Concerning Suzanne B., corroboration of the acts in her statement is lacking. Had Suzanne testified in court to the acts alleged in her written statements, corroboration would not be required. (Family Ct Act, § 1012, subd [e], par [iii].) A finding cannot, however, rest on an uncorroborated hearsay statement, such as that offered in respect of Suzanne in this case. (Family Ct Act, § 1046, subd [a], par [vi].)
Corroboration is not provided by the following sentence which is found on Cindy’s written statement: “My father also admitted to me that he has had sexual intercourse with my sister Suzanne on at least one occasion”. The Legislature did not intend that an uncorroborated hearsay statement by a second allegedly abused child could be used to provide the corroboration needed to support a finding *397 based on an uncorroborated hearsay statement by the allegedly abused child in respect of whom a finding is sought. Such testimonial bootstrapping would violate fundamental concepts of due process. (Matter of Hawkins, 76 Misc 2d 738.) This is no less true when the truth of the matter sought to be established by the allegedly corroborating statement (here, that the respondent had admitted an act of sexual intercourse with Suzanne) might itself constitute an exception to the common-law prohibition of hearsay evidence. This latter question need not be reached by this court in determining this case.
Although the court has considered Cindy's statement as evidence admissible in respect of the allegations involving Suzanne, it is insufficient to persuade this court that the respondent has abused Suzanne. (Family Ct Act, § 1046, subd [a], par [i].) Neither do the acts in respect of Cindy, as revealed in Cindy’s written statement and in the respondent’s admission, provide corroboration of the acts alleged in Suzanne’s out-of-court statement.
The petitioner has not carried the burden of establishing that Suzanne is a sexually abused child. Neither does this record contain evidence sufficient to establish that Suzanne or either of her brothers is otherwise abused by the respondent.
Arguing for a finding of neglect, the petitioner would have the court hold that the abuse of Cindy constitutes evidence of failure of the respondent to exercise a minimum of degree of care in providing Suzanne, Brian and Mark with proper supervision or guidance. The argument is that any person who commits acts of the nature involved in Cindy’s case is such a poor role model that a finding of lack of supervision automatically follows. The court is unprepared to take that giant step around the petitioner’s failure of proof.
Such a finding would require the court to infer from the clandestine acts involving Cindy, and from the uncorroborated allegations in Suzanne’s statement, that harm or a substantial risk thereof has been inflicted against the three other children, without any evidence of such harm or risk having been adduced. There is no evidence that any of the children witnessed the respondent's acts against *398 Cindy, which distinguishes the case from Matter of Hawkins (supra) cited earlier in this decision. Although Mrs. B. was present outside the courtroom and available to testify in court, she was not called by the petitioner to provide any insight as to respondent’s treatment of the other three children, even though she is not herself a respondent.
Even if the court were to determine that the acts against Cindy constitute improper supervision or guardianship of the other three children, the petitioner has produced no evidence that the physical, mental or emotional condition of any of the children has been impaired or is in imminent danger of becoming impaired as a result of such acts. The court therefore finds that there is insufficient evidence to support a finding that any of the other three children than Cindy is a neglected child.
An order of the court will issue accordingly, and the matter will be set down for a continuation of the dispositional hearing at an early date.