OPINION OF THE COURT
Raymond E. Cornelius, J.
A determination in this neglect proceeding, commenced pursuant to article 10 of the Family Court Act, requires a decision concerning the extent to which a child’s unsworn, out-of-court statement must be corroborated. Section 1046 (subd [a], par [vi]) of the Family Court Act provides an exception to the hearsay rule, in such proceedings, by permitting use of such a statement, but also provides “that no such statement, if uncorroborated, shall be sufficient to make a fact-finding of abuse or neglect.”
*365 The petition, insofar as it was supported by proof submitted on petitioner’s direct case, alleged, in essence, that the respondent, Steven S., inflicted physical injury to one of the children, who was four years of age, on November 10, 1983. The case against the corespondent, who is the mother of the children, had previously been adjourned in contemplation of dismissal, pursuant to the provisions of section 1039 of the Family Court Act. Proof submitted, as part of the petitioner’s direct case, consisted entirely of the testimony of two child protective caseworkers employed by the Department of Social Services.
One of the caseworkers testified that he had interviewed the four-year-old child on November 12, 1983, at a hospital, and on that occasion, observed multiple welts and bruises about the body. According to this witness, the child had said, in substance, that her father had kicked her in the stomach and had caused injuries to her back by means of a belt. The other caseworker testified that she had interviewed the child on November 17, 1983, at which time, the child stated that her father had “jumped” on her and hit her with a belt, after he had “jumped” on her mother. This witness also testified to the observation of multiple marks about the body, and four photographs were received into evidence on the basis that they fairly and accurately depicted these marks. Thus, although there was independent evidence to establish that the child had sustained injuries, there was no other corroborative evidence. For example, the manner in which these injuries had been inflicted, as well as the identity of the perpetrator, was not established by any evidence independent from the child’s out-of-court, unsworn statements.
The respondent testified, on his own behalf, and essentially denied the allegations contained in the petition. Specifically, he denied being present at the corespondent’s residence, where the children live, on the day of the alleged incident, and maintained that he had not been in the presence of the children for quite some time prior thereto. It would appear that the respondent had been directed to stay away from the corespondent based upon an order of protection, which had been granted earlier in 1983. Although petitioner contended that the respondent was pres *366 ent on the day in question, there was no dispute concerning the fact that he did not reside with his family, and at least one of the caseworkers testified that the children had resided with their mother prior to November 12, 1983. Accordingly, section 1046 (subd [a], par [ii]) of the Family Court Act, which permits “proof of injuries sustained by a child * * * of such a nature as would ordinarily not be sustained * * * except by reason of the acts or omissions of the parent or other person responsible for the care of such child” to be considered as prima facie evidence of abuse or neglect, should not be applicable to the father in this case.
The legal concept of corroboration is frequently used in criminal law, but the type of corroboration and extent of proof varies, depending upon the situation. For example, a conviction may not be based solely upon evidence of a confession or admission without corroborative proof that the crime was, in fact, committed. (CPL 60.50.) Likewise, a conviction may not be based solely upon the testimony of an accomplice, but, in this situation, the corroborative evidence must tend to connect the defendant with the commission of the crime. (CPL 60.22, subd 1,) In cases of sex offenses, based upon lack of consent resulting from age, mental defect, or mental incapacity, the testimony of the alleged victim is insufficient, without additional evidence establishing an attempt to engage in the sexual act and connecting the defendant with the commission of the offense. (Penal Law, § 130.16.)
The statute itself is silent as to the form or extent of corroboration required. Frequently, the cases decided under section 1046 (subd [a], par [vi]) have involved questions concerning the form of the independent evidence, and, therefore, are not necessarily instructive as to the extent of the required corroboration. (See, e.g., Matter of Margaret W., 83 AD2d 557; Matter of Hawkins, 76 Misc 2d 738.) At least one case discussed the different kinds of corroborative evidence produced at the fact-finding hearing, but did not directly decide whether all or only some of the material allegations, contained in the petition, necessitated corroboration. (See Matter of Rose B., 79 AD2d 1044.)
The unsworn testimony of a child is generally inadmissible in a civil action. (Richardson, Evidence [Prince, 10th *367 ed], § 391.) Nevertheless, a Family Court Judge possesses the discretion to dispense with an oath for a minor, and, therefore, may receive unsworn testimony from such a witness. (Family Ct Act, § 152, subd [b].) In criminal cases, the unsworn testimony of children may be received, under certain circumstances. (CPL 60.20.) Nevertheless, a defendant may not be convicted of an offense solely upon such unsworn evidence, and this has been interpreted to require “proof of circumstances legitimately tending to show the existence of the material facts of the crime”. (People v St. John, 74 AD2d 85, 88; CPL 60.20, subd 3; People v Doellner, 87 AD2d 987.) Although section 152 of the Family Court Act does not address the issue of corroboration, the same standard used for CPL 60.20 (subd 3) has been applied, at least, to juvenile delinquency proceedings brought under the Family Court Act. (See Matter of Steven B., 30 AD2d 442.) The court recognizes that the same kind of due process considerations, which are present in a criminal or juvenile delinquency case, are not necessarily the same in an abuse or neglect case, commenced pursuant to article 10 of the Family Court Act and which are civil in nature. (See, e.g., Matter of Germaine B., 86 AD2d 847; Matter of Michael B., 60 AD2d 628; Matter of Patricia P., 117 Misc 2d 826; Matter of Vance A., 105 Misc 2d 254; Matter of Linda O., 95 Misc 2d 744; Matter of Diana A., 65 Misc 2d 1034; cf. Matter of BernelleP., 45 NY2d 937; Matter of S. Children, 102 Misc 2d 1015.) In contrast to the above-cited statutory provisions, the evidence from the children in the instant proceeding was not received in the form of unsworn testimony before the court, but rather in the form of unsworn, hearsay statements as permitted by section 1046 (subd [a], par [vi]) of the Family Court Act.
Corroboration has been defined, by reference to Ballantine’s Law Dictionary (3d ed, p 276), as follows: “ ‘evidence of such substantial facts and circumstances as will produce in a sound and prudently cautious mind a confident conclusion that the testimony of the complainant is true in all essentials * * * Corroboration is somewhat less than confirmation’ * * * ‘[A]dditional evidence of a different character to the same point * * * such evidence as tends to confirm and strengthen the testimony of the witness sought to be *368 corroborated; that is, such as tends to show its truth, or the probability of its truth.’ ” (Matter of Hawkins, supra, pp 739-740.) The purpose of CPL 60.20, which requires that the unsworn testimony of children be corroborated, has been held to be the establishment of “the trustworthiness of the unsworn children in each incident, rather than to prove the charge itself.” (People v St. John, supra, p 88.) It would seem logical that the same purpose would pertain to the corroboration requirements of section 1046 (subd [a], par [vi]). However, unique problems are presented, in this regard, because of the nature of the evidence. The court does not have the opportunity to observe the demeanor of the witness, or the benefit of subjecting the child’s statements to questions by court or counsel. In this case, there was no explanation offered for the absence of the child, at the time of the hearing. (Cf. Matter ofS. Children, supra, p 1018.) Also, the child’s verbal statements had not been preserved in any manner, such as by use of a tape recorder, and, thus, the proof only consisted of the substance of those statements, as recollected by the social workers.
Accordingly, this court holds that the same standard applicable to the corroboration of a child’s unsworn testimony in a criminal case or a juvenile delinquency case should be used in connection with out-of-court, unsworn statements received pursuant to section 1046 (subd [a], par [vi]). The corroboration should extend to all of the material elements of the petition, and, as afore-mentioned, the corroborative evidence in the instant case did not include independent proof as to the identity of the person who inflicted the injuries or testimony from an expert or other witness as to the manner in which they had been sustained.
The petitioner contends, in effect, that any deficiency in proof was supplied by the rebuttal evidence. This took the form of testimony by the mother of the children, the corespondent herein, who stated, under oath, that the respondent was present at her residence and did inflict the injuries to the child on November 12,1983. In addition, she testified concerning prior incidents of violence, which the respondent had denied during his cross-examination. Counsel for the petitioner argues that the court has broad *369 discretion to receive this evidence as direct proof of the allegations contained in the petition, citing CPLR 4011 and CPL 260.30 (subd 7). At the time she was called as a witness, however, there was no indication whatsoever that the mother’s testimony was being offered for any other purpose than to rebut the testimony of the respondent. Generally, rebuttal testimony “is limited to evidence which either impeaches the credibility of the witnesses of the opponent, or controverts some affirmative fact introduced by the answering party.” (Fisch, Evidence [2d ed], § 326.) The court can only speculate as to the strategy of petitioner, in this case, but, in any event, entertained serious reservations about the credibility of the corespondent. Fortunately, the children will remain in foster care pursuant to the disposition reached in the case against her.
Based upon the foregoing reasons, the petition against the respondent, Steven S., should be dismissed.