OPINION OF THE COURT
David Gilman, J.
The Commissioner of Social Services alleges that the child Fawn, aged five, is an abused child, in that her father has placed his fingers on her vagina and breast, kissed her breast and ejaculated onto her hair and face and that he placed medication on the child’s vagina without reason or justification.
Fawn’s mother and father are divorced and have joint custody. The child resides with her mother. The father had visitation with the child Thursday through Sunday on alternate weeks, prior to the filing of the petition.
At the fact-finding hearing, petitioner produced four witnesses: the child’s mother, the child’s psychologist, the caseworker and Fawn.
The issue before the court is whether the child’s in-court unsworn statements not subject to cross-examination are suffi *187 ciently corroborated by either her out-of-court statements to her mother and the caseworker or by the psychologist’s opinion that the child was sexually abused by the father. At issue is what constitutes corroborative evidence in a Family Court Act article 10 proceeding to withstand a prima facie motion to dismiss.
The mother testified that Fawn made the allegations contained in the petition. The petitioner offered into evidence a tape-recording made by the mother, her boyfriend and the maternal grandmother wherein the child made similar statements.
The psychologist testified that Fawn had been her patient since February 2,1985 and, based upon the child’s behavior and statements elicited during the therapy sessions, she concluded that Fawn exhibited the characteristics of a child who has been sexually abused by her father.
The caseworker testified that she had interviewed the child on two occasions, during which the child stated that she and her father slept in the same bed and that he tickled her all over her body including the vaginal area.
The child could not be sworn. The court therefore proceeded to take her unsworn statements. The child’s unsworn in-court statements were consistent with her out-of-court statements.
At the close of petitioner’s direct case, the respondent moved to dismiss the petition for failure to prove a prima facie case.
The general rule in civil proceedings is that the unsworn testimony of a child is inadmissible. (Richardson, Evidence § 391 [Prince 10th ed].) However, an exception to that rule is found in Family Court Act § 152 which authorizes the court to “dispense with the formality of placing a minor under oath before taking his testimony.” The court must determine the probative value to be accorded the child’s in-court unsworn statements.
The child’s in-court unsworn statements were not subject to cross-examination, therefore, these statements are as unreliable as an out-of-court statement and are the equivalent of a “previous statement” admissible under Family Court Act § 1046 (a) (vi). (See, Besharov, Proving Child Abuse, at 16 [1984].) The Family Court Act § 1046 (a) (vi) creates an exception to the hearsay rule that: “previous statements made by the child relating to any allegation of abuse or neglect shall be admissible in evidence; provided, however, that no such statement, if uncorroborated, shall be sufficient to make a fact-finding of abuse or neglect”. Accordingly, to withstand a prima facie motion to dismiss there must be corroboration of the child’s testimony.
*188 Corroboration has been defined as admissible evidence of a “ ‘different character to the same point * * * such evidence as tends to confirm and strengthen the testimony of the witness sought to be corroborated; that is, such as tends to show its truth, or the probability of its truth.’ ” (Matter of Hawkins, 76 Misc 2d 738, 739-740 [citing Ballentine’s Law Dictionary, 276 (3d ed 1969)].)
The court in Matter of Hawkins (supra, p 740) stated that the corroboration rules utilized in criminal cases were applicable to child protective proceedings. Corroborative evidence will be sufficient if it tends to connect the defendant with the commission of the crime. (People v Dixon, 231 NY 111.) The corroborative evidence must be independent evidence either direct or circumstantial. (People v Kampshoff, 53 AD2d 325; People v Mullens, 292 NY 408; People v Kohut, 30 NY2d 183.) Following the corroboration rules utilized in criminal cases, it is clear that Fawn’s unsworn in-court statement cannot corroborate her own out-of-court statements; they must be corroborated by independent evidence of a different character to the same point. In Matter of Lydia K. (123 Misc 2d 41, 44) the court, relying on Matter of Hawkins (supra), held that the corroborative evidence necessary “must be evidence from an independent source of some material fact tending to implicate the respondents in the allegations of abuse or neglect, other than the child’s statements.” (See also, Matter of Nicole S., 123 Misc 364.)
Corroboration can take the form of physical and unexplained injuries to the child’s body. (See, Matter of Young, 50 Misc 2d 271; Matter of Frances, 49 Misc 2d 372; Family Ct Act § 1046 [a] [ii].) However, courts have also held that evidence of physical injury does not itself corroborate the child’s out-of-court statements, where petitioner did not sufficiently establish the manner in which the injuries had been inflicted or the identity of the perpetrator. (Matter of Nicole S., supra.) A son’s sworn testimony that he observed the event supplied the necessary corroboration of daughter’s extra-judicial statement as to father’s act of sodomy upon her. (Matter of Hawkins, supra.) Prior but retracted admissions of a parent have been held to be corroborative evidence. (Matter of Margaret W., 83 AD2d 557.)
A father’s admission of sexual abuse as to his oldest daughter coupled with that daughter’s statement that her father admitted having sexual intercourse with his youngest daughter was sufficient corroboration of younger daughter’s out-of-court statement that her father had sexual intercourse with her. (Matter of Cindy JJ., 105 AD2d 189.) In the instant case, the court does not have *189 an admission by the respondent as in Matter of Margaret W. (supra), Matter of Cindy JJ. (supra), eyewitness testimony as in Matter of Hawkins (supra), or physical evidence of injury as in Matter of Young (supra). In the case at bar, unlike Matter of Cindy JJ. (supra), there is no evidence of abuse towards one child with an admission that could corroborate the other child’s out-of-court statements.
In the case before this court, the petitioner is compelled to rely upon the opinion of the psychologist.
The psychologist’s testimony is insufficient corroborative evidence. It is not based upon information received from an independent source that connects the respondent with the commission of the abusive act. The psychologist’s testimony was derived solely from out-of-court observations and statements of the child.
The res ipso loquitur provision of Family Court Act § 1046 (a) (ii) is not applicable since the child has no physical manifestations of sexual abuse and she was not in the continuous care or custody of the respondent.
Accordingly, this court holds that the testimony of the mother, caseworker, and psychologist as to out-of-court statements made by the child did not corroborate the child’s in-court unsworn testimony because there is no independent evidence connecting the father to the allegations of abuse. The court is thus compelled to grant the respondent’s prima facie motion. Based upon the foregoing reasons the petition against respondent father is dismissed.