OPINION OF THE COURT
H. Patrick Leis, III, J.
The Department of Social Services (DSS) initiated this proceeding by filing a petition alleging that the respondent sexually abused his two-year, nine-month-old son Anthony and his four- and one-half year-old son Robert. The respondent alleg *114 edly masturbated on his sons and had his sons pull on his penis.
At the fact-finding hearing the mother and two caseworkers for the Department of Social Services testified that Robert made the statements contained in the petition. Robert was not called as a witness. The statements were admitted pursuant to Family Court Act § 1046 (a) (vi) which reads as follows: "[Previous statements made by the child relating to any allegations of abuse or neglect shall be admissible in evidence; provided, however, that no such statement, if uncorroborated, shall be sufficient to make a fact-finding of abuse or neglect”.
The issue, which must be addressed, is whether or not the children’s statements were corroborated.
The following have been held to be sufficient corroboration of a child’s statement admitted pursuant to Family Court Act § 1046 (a) (vi): (1) An admission by the respondent (even if retracted) (Matter of Margaret W., 83 AD2d 557 [2d Dept 1981]); (2) sworn testimony of others (adults and children) (Matter of Hawkins, 76 Misc 2d 738 [Fam Ct, NY County 1974]); (3) medical evidence (People v De Berry, 76 AD2d 933 [2d Dept 1980]); (4) presence of a sexually transmitted disease (Matter of Tara H., 129 Misc 2d 508 [Fam Ct, Westchester County 1985]); (5) an out-of-court statement by one child, if duly corroborated (by father’s admission), can corroborate an out-of-court statement by another child (Matter of Cindy JJ., 105 AD2d 189 [3d Dept 1984]); (6) "in camera” interview (Matter of Dana F., 113 AD2d 939 [2d Dept 1985]).
The following have been held to be corroborative when combined with other evidence: (1) Validation interview (Matter of Tara H., 129 Misc 2d 508 [Fam Ct, Westchester County 1985], supra); (2) changes in the child’s behavior after the alleged incident (Matter of Michael G., 129 Misc 2d 186 [Fam Ct, Westchester County 1985]); (3) changes in the child’s behavior since his removal from the respondent (Matter of Michael G., supra). There are no reported cases, however, where these methods of corroboration standing alone were found to be sufficient.
In this case the only evidence offered as corroboration of the child’s out-of-court statements is as follows: (1) validation interview; (2) credibility of the witnesses to whom the statements were made; (3) the observed behavior of the children; and (4) results of a psychologist’s exam conducted on the respondent (made in connection with an earlier visitation application).
*115 Validation is the process by which an expert confirms or fails to confirm the existence of " 'intrafamilial child sex abuse syndrome’ ” (see, Matter of Michael G., supra, at p 192).
Tara H. and Michael G. (both written by Judge Sondra Miller) are the only New York cases holding that validation can be a source of corroboration. In fact, in Matter of Fawn S. (128 Misc 2d 186, 189 [Fam Ct, Queens County 1985]), which appears to be on all fours with the facts in this case, Judge Gilman specifically rejected validation as a means of corroboration, holding "The psychologist’s testimony is insufficient corroborative evidence. It is not based upon information received from an independent source that connects the respondent with the commission of the abusive act. The psychologist’s testimony was derived solely from out-of-court observations and statements of the child.” It should be noted that in Fawn S. the child testified to the facts alleged in the petition (although she could not be sworn).
Although the court in Tara H. (supra) felt that validation was a proper source of corroboration, it did not base its finding of corroboration solely on validation. In Tara H., the court held that petitioner’s prima facie case was established by the fact that five-year-old Tara contracted infectious gonorrhea while in the custody of her father, which condition was not satisfactorily explained by him. The court also conducted an in camera interview with the child during which the child reaffirmed the alleged sexual contact.
In Matter of Michael G. (supra) the court does not rely on any one factor as corroboration but finds corroboration from a number of things, such as: (1) observed behavior of the child; (2) change in the child’s behavior; (3) medical evidence of swollen, irritated penis and trauma to anus; (4) credibility of witnesses to whom the statements were made; and (5) validation interview. In no reported case was validation alone held to be sufficient corroboration.
In an attempt to provide validation of Robert’s statements (no attempt was made to validate Anthony’s statements), the county called Dr. Rosenfeld, a noted expert in the field. Even though Dr. Rosenfeld spent over six hours on several occasions with Robert, the child would not say that anything occurred between himself and his father. Robert stated that "my father said nothing had happened, so that must be true, nothing happened”. When confronted with his mother’s statement that his father had masturbated on him (the child referred to it as *116 pee pee), Robert stated that he made up a story. Robert did tell Dr. Rosenfeld that something bad had happened and he could not tell anyone what it was. But at no point would Robert say what this bad thing was nor could Dr. Rosenfeld indicate (from this conversation) that it was even sexual in nature. After interviewing Robert, Mrs. Arrigo, and the respondent, Dr. Rosenfeld did conclude that someone had masturbated on Robert and although the respondent denied it, it was probably him. This belief was based on Dr. Rosenfeld’s opinion that Mrs. Arrigo lacked the sophistication to coach the child to fabricate such a story.
This court was impressed by Dr. Rosenfeld’s candor and honesty. The doctor does not, however, provide validation. Even if validation by itself could be corroboration, its purpose is to allow an expert to confirm or fail to confirm the existence of "intrafamilial child sex abuse syndrome”. Dr. Rosenfeld did not testify as to any cluster of behaviors displayed by Robert that are identified with children who have been sexually abused. Here, Dr. Rosenfeld found that Robert interacted with his father but remained somewhat aloof, which he admits could have been caused by the interview process. Dr. Rosenfeld also states that he would have to revise his opinion if it were determined that the reports which he bases his opinion on (since Robert would not discuss the incident with him) were improperly collected or inaccurate. Finally, Dr. Rosenfeld stated that it is impossible for him to determine if someone other than Mr. Arrigo could be responsible for the alleged sexual abuse.
The weight to be given to the interview as corroboration will depend upon the strength of the validation. (Matter of Tara H., 129 Misc 2d 508, 514, supra.) In this case the validation is weak and does not provide sufficient corroboration of the child’s statement. It should also be noted that Robert was examined by a pediatrician but the exam provided no evidence of sexual abuse.
Next, the County Attorney seeks to provide the needed corroboration from the credibility of the witnesses to whom the statements were made. While the credibility of the witness is considered by the court in evaluating the testimony, it cannot, standing alone, provide the corroboration required by Family Court Act § 1046 (a) (vi). If it could, the statute would read that a child’s statement is admissible if made to a credible person rather than if corroborated. Thus, while the case workers from Department of Social Services were ex *117 tremely credible, their credibility does not provide the necessary corroboration.
The County Attorney argues that we can look to the observed behavior of the children for corroboration. The observed behavior here consisted of the way Robert pulled on his mother’s finger as if it were a penis; pulled down his pants and squatted over a pumpkin; played a game in which Robert told Anthony to have one of the action figures piss on the big man; and touched his brother’s face while saying "I’d like to pee all over you”. This behavior is not corroboration. What Matter of Michael G. (supra) was referring to when the court said that the observed behavior of the child corroborated his statements was, the child’s sudden fear of men, sexually aggressive behavior toward other children, as well as the fact that the child awoke from nightmares crying for his father to stop hurting him. This behavior, the court found, was involuntary, spontaneous and unrehearsed and therefore entitled to substantial weight as a corroborative factor. The behavior here does not corroborate sexual abuse nor was it involuntary, spontaneous or unrehearsed.
Finally, the County Attorney argues that corroboration may be found in the testimony of Dr. Nilson, a psychologist, who examined the respondent in connection with an earlier application for unsupervised visitation. Dr. Nilson concluded after administering a battery of psychological tests that the respondent suffered from difficulties in impulse control and feeling empathy for others, some evidence of sexual problems, feelings of depression, inferiority, lack of confidence and considerable use of denial. She further testified that similar findings were made on 18 incest offenders she had tested and that the respondent fit her profile of someone who could be capable of sexual abuse. This testimony is not corroboration. There was no foundation laid for the reliability of the research Dr. Nilson had done, nor would 18 cases be a statistical basis upon which to base a profile on an incest offender. The reliability of this profile was not established to a degree sufficient to allow this court to accept it as corroboration. The County Attorney could not lay a proper foundation for its admission into evidence.
During the testimony it was elicited that the younger child Anthony had accused Ms paternal grandfather (the respondent’s father) of putting a knife to his chin and saying that he would kill Anthony if Anthony would not let him (the grandfather) put Ms penis in Anthony’s mouth. This statement was *118 never investigated although made to a DSS caseworker. Although the grandfather was called by the County Attorney and testified that he did not sexually abuse the boys, it raises some concern in the court’s mind since the children were staying at the grandfather’s house at the time of the alleged occurrence. This court does not, however, have to address the question of whether the respondent or someone else sexually abused the children (assuming that the evidence establishes that they were sexually abused) because it is constrained to dismiss the petition after the County Attorney’s prima facie case for lack of corroboration.