■ In the Matter of Bernelle P. Nassau County Department of Social Services, Respondent; Fannie B., Appellant.—In a proceeding pursuant to article 10 of Family Court Act, the appeal is from an order of the Family Court, Nassau County, dated May 5, 1976, which, upon a finding made after a hearing that the infant is a neglected child, *inter alia,* directed that he be placed in the custody of the Nassau County Department of Social Services for a period of 18 months. Order affirmed, without costs or disbursements. There was sufficient evidence for a finding of child neglect. The in-chambers interview of the child conducted by the court was permissible to ascertain what was in his best interests (see *Matter of Lincoln v Lincoln,* 24 NY2d 270). In the forthcoming statutory review, the Family Court can determine the circumstances in the light of the mother's present attitudes and ability to cope with her child's problems. Hopkins, J. P., Margett, Damiani and O'Connor, JJ., concur.

■ In the Matter of Helene A. Rosenzweig, Respondent, v Board of Education of Roosevelt School District et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the appellant Board of Education of the Roosevelt School District, which terminated petitioner's services as a teacher of home economics, the appeal is from a judgment of the Supreme Court, Nassau County, entered December 17, 1976, which, *inter alia,* granted the application and directed petitioner's reinstatement. Judgment reversed, on the law, without costs or disbursements, and proceeding remitted to Special Term for a hearing on the question of whether the subject of home economics has been traditionally treated as a special subject tenure area by the Roosevelt Central School District. We note that both the parties and Special Term were apparently unaware of the Court of Appeals decisions in *Steele v Board of Educ.* (40 NY2d 456), which was handed down one day prior to Special Term's memorandum decision herein. Consequently, the record does not contain sufficient evidence of the type considered relevant in *Steele* to enable us to determine the merits of this appeal. Hopkins, J. P., Margett, Damiani and O'Connor, JJ., concur.