OPINION OF THE COURT
Joseph Esquirol, J.
The Society for Prevention of Cruelty to Children initiated this child protective proceeding pursuant to article 10 of the Family Court Act. The parents of the children involved are divorced, the mother having custody of the two boys, Scott, aged three and Jonathan, now six years old. The petition alleges that during a period of visitation with the children the respondent sexually abused the younger child, Scott, by inserting his finger in the child’s anus and manipulating the boy’s penis in Jonathan’s presence. A finding of abuse in this case will not result in placement of the children, who will in any event remain in the mother’s custody. A finding adverse to the respondent could result in termination of his visitation with the children or continued visitation under supervised conditions.
The question before the court at this point in the proceeding is whether the respondent can be excluded from any stage of the trial, in the absence of conduct on the respondent’s part warranting such a drastic action.
This issue arose on trial when petitioner called Jonathan, the alleged eyewitness, to testify. On voir dire the child appropriately answered the questions put to him and was sworn as a witness. Jonathan began to testify but when the petitioner attempted to elicit testimony about the critical allegations, the witness balked and refused to testify, apparently reluctant to continue in his father’s presence. At this point, in light of the witness’ reaction, petitioner requested that Jonathan’s testimony be taken in camera with attorneys for all parties present. The Law Guardian for the children joined in the application. With the consent of all counsel, the hearing on the case in chief was suspended and counsel were given an opportunity to present law and call witnesses to testify on the issue raised by the application. Hearings were held on December 12, 1979 and January 3, 1980. The petitioner called a psychiatric social worker who had treated Jonathan to testify. A child psychiatrist who had examined the boy testified for the respondent. After hearing the testi *1017 many of these witnesses, the court reserved decision on the application and allowed additional time for counsel to submit further memoranda on the issue.
In ruling on the application, the court must balance the accused respondent’s right to be present at his trial to confront and cross-examine adverse witnesses against the need for testimony from the infant complainant in this child protective proceeding and the witness’ right to testify without being subjected to any excessive psychic trauma.
The Supreme Court in Pointer v Texas (380 US 400) held the right to cross-examine and confront accusatory witnesses is embodied in the Sixth Amendment and is obligatory on the States through the Fourteenth Amendment. The court also found that a denial of this right violates the Fourteenth Amendment guarantee of due process.
Section 6 of article I of the New York Constitution mandates that at any trial in any court an accused party shall be allowed to appear and defend such proceeding in person and shall have the right to confront witnesses against him.
The accused’s right to be present at trial is protected by the requirements of due process and due process must be observed in a child protective proceeding. (Matter of Hanson, 51 AD2d 696.) Denying a parent the right to be present at a neglect hearing to present witnesses and cross-examine adverse witnesses has been held to constitute grounds for reversal of the trial court’s dispositional order terminating the mother’s custodial rights, the appellate court stating, "Absent unusual, justifiable circumstances, one’s rights should not be terminated without his presence at the hearing.” (Matter of Ana Maria Q., 52 AD2d 607.)
This fundamental due process right to confront and cross-examine adverse witnesses is not an absolute right according to Matter of Cecilia R. (36 NY2d 317). While it was held to be error for a trial court to conduct a dispositional hearing in a PINS proceeding in the respondent’s absence as inclusion of the parties should be the normal procedure, the court acknowledged the necessity for exclusion in limited circumstances and stated: "[Due process] varies with the subject-matter and the necessities of the situation. * * * The sociolegal nature of the problems with which Family Court Judges deal requires the exercise of considerable discretion * * * Tender years, mental health, behavior in the courtroom, the need to shield some children from the emotional trauma *1018 certain disclosures would be likely to produce, these are not the kind of considerations which Family Court Judges must or should ignore * * * Where there is absence, or exclusion is directed * * * its justification must be capable of expression and rationalization and should be recorded contemporaneously. Further, such absence or exclusion, where necessary, should be no broader than circumstances require.” (Matter of Cecilia R., supra, at pp 322, 323.)
Case law, as expressed in Matter of Ana Maria Q. (supra) and Matter of Cecilia R. (supra) recognizes that Family Court Judges must exercise a measure of discretion in determining the parameters of due process in a Family Court action. The cases also mandate that any curtailment of these rights be clearly justified by the exigencies of the particular case.
The burden rests on the petitioner and the Law Guardian, who request the respondent’s exclusion, to demonstrate that such exclusion is warranted in this case. In short, they must establish a potential for harm to this child which would result from requiring him to testify in court that outweighs the respondent’s right to be present at the hearing.
Neither of the witnesses called on the voir dire stated unequivocally that Jonathan would be pathologically affected by the experience of testifying in the respondent’s presence. The petitioner’s witness, a psychiatric social worker, testified that Jonathan was reluctant to discuss the allegations in the petition with her and that the child exhibited some anxiety, but she could not say if the anxiety was attributable to Jonathan’s concern over testifying. While the psychiatrist called to testify by the respondent agreed that it was within the realm of possibility that compelling a child to testify against a parent could possibly have an adverse effect on a given child, he could not tell whether it would be in any way injurious to Jonathan.
The testimony of these witnesses indicates that the child may be reluctant to testify but it does not demonstrate that the child would suffer a traumatic detrimental effect if compelled to testify in the respondent’s presence. The assertion that the child would be injured by the experience of testifying is purely conjectural and nothing elicited from the witnesses indicates otherwise. Permitting the witness to testify in the respondent’s absence, when the respondent has done nothing to justify such an exclusion, clearly curtails his due process rights.
*1019 In its consideration of the respective interests of the parties, the court is not unmindful that this is a child protective proceeding designed "to establish procedures to help protect children from injury or mistreatment and to help safeguard their physical, mental, and emotional well-being.” (Family Ct Act, § 1011.) It must also be remembered that the initial focus of these proceedings is on judging the allegations made against the parents within the context of procedures designed to afford due process to the parents. (See Besharov, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act, § 1012, 1976-1979 supplement.)
The protection of the child that article 10 of the Family Court Act is designed to provide is in the form of a disposition calculated to protect the child after a finding is made that the child is abused or neglected. Article 10 does not provide for protecting a child from the necessary litigation or immunizing him from being a witness by depriving the respondent of his right to be present at the fact-finding hearing merely because the child exhibits a reluctance to testify in a parent’s presence.
The Legislature has provided in section 1046 (subd [a], par [vi]) of the Family Court Act that a child’s previous out-of-court statements relating to the alleged abuse are admissible into evidence, but unless these previous statements are corroborated, an abuse finding cannot be sustained. Thus, if corroborating evidence is available, the child need not testify.
The Legislature in enacting this exception to the hearsay rule provided only a partial solution to the problem posed when a child refuses to testify in an abuse case. The statute does not deal with the situation of a reluctant infant complainant whose out-of-court allegations of abuse cannot, for whatever reason, be corroborated by other evidence. In the absence of any corroborative evidence, an abuse case will turn solely on the child’s testimony and without the testimony the case is subject to dismissal. There is no statutory provision for taking the child’s testimony in camera or in any other manner which would obviate the need to compel a reluctant child to testify to allegations of a highly disturbing nature in the presence of the parent who allegedly committed the acts of sexual abuse upon, or as in this case, in the presence of the child.
Prior case law indicates that in camera interviews with a child are permissible in a custody proceeding. (Matter of *1020 Lincoln v Lincoln, 24 NY2d 270.) Yet when an appellant attempted to raise the issue of in camera interviews with children involved in article 10 proceedings, the Court of Appeals found that it was not necessary to reach the question in that case. Although the trial court had conducted an in camera interview with the child during an emergency removal hearing, the record demonstrated no reliance on the child’s in camera statements at the fact finding. Thus the appeal failed to resolve the issue of the propriety of the use of such statements at a fact-finding hearing. (Matter of Bernelle P., 45 NY2d 937.) *
Parental acts of sexual abuse are characteristically acts which would usually not be witnessed by anyone other than the child involved and many acts which would amount to such abuse would not result in any corroborating medical evidence. A child who alleges abuse, occurring under these conditions, is forced to testify, even if reluctant or fearful, whereas a child who is abused in circumstances where corroboration is available need not testify at all.
Fortunately, the children involved in this case will not be forced to remain in the custody of a parent against whom they have made allegations of sexual abuse. If the petition is dismissed because Jonathan remains adamant in his refusal to testify and no corroboration of his out-of-court statements is advanced, the boys contact with the respondent will remain limited to periods of visitation. However the possibility remains, that cases may arise where no corroboration is available and a child’s refusal to testify to allegations of sexual abuse because of reluctance or fear would result' in the child remaining in the custody of a parent against whom the child made the allegations. The hearsay exception in section 1046 (subd [a], par [vi]) of the Family Court Act provides no assistance in these cases.
The court suggests the Legislature address this problem and consider whether a procedure could be incorporated into the Family Court Act which would allow the court to receive testimony from a reluctant or frightened young child without subjecting the child to a face-to-face confrontation with the accused parent and still enable the court to maintain a proper regard for the respondent’s rights.
In the absence of a showing that the experience of testifying in the respondent’s presence would have a pathological impact on Jonathan resulting in emotional injury to him which would *1021 outweigh the respondent’s right to be present at the fact-finding hearing, the court finds that exclusion of the respondent is not justified by the circumstances of this case.
In addition to a lack of justifiable circumstances, there is no statutory provision permitting the court to take a child’s testimony in camera or in any manner other than as sworn testimony in court and in the respondent’s presence.
For these reasons the peitioner’s application to hear the witness’ testimony in camera with counsel present is denied.
The hearing of this case is scheduled to resume on February 19, 1980 in Part II.