■ In the Matter of Dana F., a Child Alleged to be Abused and Neglected, Appellant. John Cleary, Petitioner; Anthony F., Respondent.—In a child protective proceeding pursuant to Family Court Act article 10, the appeal is from an order of disposition of the Family Court, Nassau County (Cohen, J.), entered May 15, 1984, which, following a fact-finding hearing, dismissed the petition and vacated a temporary order of protection issued previously by the same court.

Order reversed, without costs or disbursements, temporary order of protection reinstated and proceeding remitted to the

Family Court, Nassau County, for a further fact-finding hearing and new determination.

A child abuse and neglect petition filed by the Child Protection Services of Nassau County alleged that the respondent had committed various sex offenses against his child while the child was under the respondent's care and supervision during weekend visitation periods. The child's mother testified at the fact-finding hearing that the child had informed her of the abuse upon returning from a weekend visit with the respondent. She further testified that she saw evidence of irritation of the child's genitals and therefore arranged for a pediatric examination on the following day. According to the mother, the pediatrician notified the Department of Social Services after she had also discovered some slight irritation and had eliminated urinary infection as the cause. A psychiatric evaluation of the child, which was prepared in conjunction with a Department of Social Services investigation, was admitted into evidence. It repeated allegations of sexual abuse made by the child and concluded that the child suffered from an adjustment disorder with separation anxiety, but it did not expressly state that the child's emotional difficulties were caused by sexual abuse.

Under Family Court Act § 1046 (a) (vi), the out-of-court statements by the child which alleged acts of sexual abuse by the respondent were admissible at the fact-finding hearing, but they could not support a determination of abuse or neglect absent corroboration. The Family Court dismissed the petition for lack of corroboration when the child failed to speak about the alleged incidents during an in camera interview. Although a child's statements during an in camera interview can, in certain circumstances, supply corroboration for previous out-of-court statements regarding abuse or neglect (see, Matter of Tara H., 129 Misc 2d 508), the Family Court should not neglect to consider all other possible sources of corroborating evidence, especially in situations where a child is reluctant to speak.

We decline to make a finding of abuse or neglect based upon the record before us. In view of the seriousness of the allegations and because of the evidence adduced at the fact-finding hearing of possible physical and emotional injury to the child, the order of the Family Court must be reversed, and the proceeding remitted to the Family Court for a further fact-finding hearing at which the court should hear testimony from the child's pediatrician, psychiatrist and/or caseworker

regarding their investigations of this complaint. Gibbons, J. P., Thompson, Weinstein and Kunzeman, JJ., concur.