OPINION OF THE COURT
Anthony K. Pomilio, J.
This is a child abuse proceeding brought pursuant to Family Court Act article 10 in which the petitioner has requested that the court conduct an in camera interview with the child who is the alleged victim of the abuse.
A petition, filed in this court on October 1, 1985, alleges that the child, Anne B., born August 4, 1980, has been abused by her grandfather, the respondent. The petition alleges that the respondent committed a sex offense upon the child.
A hearing on the petition was held in this court on January 7, 1986. At the conclusion of the hearing, the petitioner requested that the court conduct an in camera interview with the child. Respondent opposed this motion.
The issue is thus whether the court can conduct an in camera interview of the child who is the alleged victim of child abuse, when opposed by the respondent.
There appears to be no binding authority on this issue. *479 There is no provision in the Family Court Act either permitting or proscribing this court from conducting such an interview, nor does there appear to be any binding appellate decisions on this issue.
Two reported decisions allude to the court’s in camera interview with a child who is the subject of a child abuse proceeding.
"When interviewed in camera as a witness for the respondent, Lydia, who was seven years old, denied making the statements implicating her mother” (Matter of Lydia K., 123 Misc 2d 41, 42).
A more recent case decided by the Appellate Division, Second Department, included the following language: "Although a child’s statements during an in camera interview can, in certain circumstances, supply corroboration for previous out-of-court statements regarding abuse or neglect (see, Matter of Tara H., NYLJ, Oct. 19, 1984, p 15, col 4),[2] the Family Court should not neglect to consider all other possible sources of corroborating evidence, especially in situations where a child is reluctant to speak.” (Matter of Dana F., 113 AD2d 939, 940.)
However, neither case indicates whether the interview was conducted with or without consent of the respondents.
One reported decision indicates that, in the absence of a showing that a child’s in-court testimony would have a pathological impact upon the child, an in-court in camera interview may not be conducted.
"In the absence of a showing that the experience of testifying in the respondent’s presence would have a pathological impact on Jonathan resulting in emotional injury to him which would outweigh the respondent’s right to be present at the fact-finding hearing, the court finds that exclusion of the respondent is not justified by the circumstances of this case.
"In addition to a lack of justifiable circumstances, there is no statutory provision permitting the court to take a child’s testimony in camera or in any manner other than as sworn testimony in court and in the respondent’s presence.
"For these reasons the petitioner’s application to hear the witness’ testimony in camera with counsel present is denied.” (Matter of S. Children, 102 Misc 2d 1015, 1020-1021.)
However, the Appellate Division, Second Department, has *480 expressly sanctioned the use of an in camera interview in a child neglect proceeding.
"There was sufficient evidence for a finding of child neglect. The in-chambers interview of the child conducted by the court was permissible to ascertain what was in his best interests” (Matter of Bernelle P., 59 AD2d 764).
The in camera interview in that case incurred in conjunction with an emergency removal proceeding. It was that interview which became the subject of the appeal. The Court of Appeals, however, declined to rule on the propriety of such an interview, finding that the court had not relied upon any information contained in that interview in making its finding of neglect.
"Contrary to appellant’s contentions, examination of the record of the fact-finding hearing and the findings of fact made pursuant to that hearing fails to indicate any reliance upon the statements made by the child at the in camera discussion with the court during the earlier emergency removal hearing. Accordingly, this appeal presents no issue as to the propriety of the use of such statements at the fact-finding hearing.” (Matter of Bernelle P., 45 NY2d 937, 938-939, supra.)
However, the in camera interview has long been accepted in child custody disputes.
"There can be no question that an interview in private will limit the psychological danger to the child and will also be far more informative and worthwhile than the traditional procedures of the adversary system — an examination of the child under oath in open court * * *
"The procedures of the custody proceeding must, therefore, be molded to serve its primary purpose, and limited modifications of the traditional requirements of the adversary system must be made, if necessary.” (Matter of Lincoln v Lincoln, 24 NY2d 270, 272.)
This court finds that the reasoning of the Court of Appeals in Lincoln v Lincoln (supra) is applicable to child protective proceedings brought pursuant to Family Court Act article 10. The purpose of such proceedings is, "to help protect children from injury or mistreatment and to help safeguard their physical, mental, and emotional well-being. It is designed to provide a due process of law for determining when the state, through its family court, may intervene against the wishes of *481 a parent on behalf of a child so that his needs are properly met.” (Family Ct Act § 1011.)
The purpose of a child custody proceeding is to determine what is in the best interests of a child. Likewise, the purpose of a child protection proceeding is to protect the best interests of the children and not to punish the respondent.
Respondent’s major objection to an in camera interview is that it will deprive him of due process of law by precluding his cross-examination of the child. This is the reasoning applied by the court in Matter of S. Children (supra) in denying petitioner’s application to hear the testimony of the child in camera.
However, just as the adversary proceeding has been molded in child custody cases to assist the court in determining the best interests of the child, that system must also be molded in child protective proceedings where the same considerations occur.
"The test is whether the deviation will on the whole benefit the child by obtaining for the Judge significant pieces of information he needs to make the soundest possible decision.” (Matter of Lincoln v Lincoln, supra, p 272.)
The same considerations upon which the court has premised its conclusion that an in camera interview is proper in a child custody proceeding are present in child protective proceedings.
While the object of the child protective proceeding is to protect the child, this goal can best be accomplished by having before the court all of the information which would be helpful in permitting the court to determine all of the facts.
Because of the nature of the proceeding, the incident is likely to have occurred when there is no one present other than the respondent and the alleged victim. The only method by which the court may avoid placing an unjustifiable, emotional burden on the alleged victims and at the same time enable them to speak clearly and candidly concerning the alleged events is to assure them that their confidentiality will be respected. The only procedure by which this may be accomplished is in the absence of the respondent and of his counsel.
This court, therefore, concludes that the court, in a child protective proceeding, may conduct an in camera interview of the child over the objection of the respondent.
However, since such a statement is made to the court outside of the normal adversary proceeding, the statement should be treated as an out-of-court statement made by the *482 child and may not, if uncorroborated, be sufficient for a finding of abuse or neglect. (Family Ct Act § 1046 [a] [vi].) Thus, the in camera statement may be used to effect the weight accorded a child’s prior out-of-court statements, or to corroborate other evidence.
"In camera interviews in article 10 proceedings do not properly serve as corroboration of the interviewed child’s out-of-court statements (since the interview is not 'additional’ evidence or evidence of a 'different type’ within the second definition of corroboration). The in camera interview can be considered as affecting the weight accorded to the child’s prior out-of-court statements (and might also serve to corroborate the out-of-court statements of a child other than the child interviewed). (Matter of Tara H., 129 Misc 2d 508, 516, supra.)
This court shall, therefore, conduct an in camera interview of the child. The in camera interview will be transcribed and the record sealed to be made available only in the event of an appellate review. (Matter of Fleishman v Walters, 40 AD2d 622 [4th Dept].)

. 129 Misc 2d 508.