■ In the Matter of DARA R., a Child Alleged to be Abused. COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Appellant; JOSEPH R., Respondent.—In a proceeding pursuant to Family Court Act article 10, the petitioner appeals from an order of the Family Court, Richmond County (Leddy, J.), dated September 24, 1985, which, after a fact-finding hearing, dismissed the petition and vacated a temporary order of protection issued previously by the same court.

Order reversed, without costs or disbursements, temporary order of protection reinstated, and proceeding remitted to the Family Court, Richmond County, for a further fact-finding hearing in accordance herewith and a new determination.

A child abuse petition filed by the Commissioner of Social Services alleged that the respondent had abused his daughter during weekend visitation periods by having oral and manual contact with her vagina. At the fact-finding hearing, the child, then seven years of age, testified concerning the alleged incidents with the aid of anatomically correct dolls. The petitioner also presented testimony from the child's pediatrician, whose examination had revealed the presence of scars in the child's vagina, and from a psychologist and two social workers, all of whom had interviewed the child concerning the allegations of abuse.

The respondent vigorously denied that the incidents had occurred, alleging that the child's mother had fabricated the allegations in order to deny him his visitation rights. The respondent contended that the child's mother had brainwashed not only the child, but also the petitioner's other witnesses. The respondent's testimony was corroborated by that of eight witnesses, primarily members of his family, who gave substantially similar testimony concerning the respondent's love for the child, the hostility of the child's mother toward the respondent, and the lack of an opportunity for him to abuse the child because of the constant presence of other family members. Judicial notice was taken of prior proceedings in the Family Court involving the respondent and the child's mother. The court files show a long history of hostility between the respondent and the child's mother, including disputes concerning visitation and allegations of physical abuse inflicted by each against the other.

At the close of the fact-finding hearing, the petition was dismissed. The petitioner contends on appeal that the Family Court's decision was against the weight of the evidence. While we agree that there is sufficient evidence in the record to support a finding that the child has been abused by someone, we cannot, based upon the record before us, conclude that the child was abused by the respondent. However, in view of the seriousness of the allegations and because of the evidence adduced at the fact-finding hearing of physical and emotional injury to the child, the proceeding is remitted to the Family Court for a further fact-finding hearing at which the court shall, *inter alia,* hear testimony from a physician and psychiatrist to be appointed by the court, who are to examine the

child concerning the allegations of abuse. Mangano, J. P., Brown, Weinstein and Spatt, JJ., concur..