OPINION OF THE COURT
Jeffry H. Gallet, J.
The respondent father in this child protective proceeding *1038 moves to compel the production of his three-year-old daughter, whom he is alleged to have sexually abused, so that he may call her as a defense witness.
ISSUE
Where a child’s hearsay testimony has been received in accordance with Family Court Act § 1046 (a) (vi), does a respondent have the right to call the child as his or her witness?
BACKGROUND
The respondent is accused of sexually abusing his three-year-old daughter. The petitioner Commissioner of Social Services, in his direct case, presented the child’s hearsay testimony pursuant to the hearsay exception contained in Family Court Act § 1046 (a) (vi). The testimony was adequately corroborated and respondent’s prima facie motion was denied.
Respondent then moved to have the child, who is in the custody of the Commissioner, produced to be called as his witness. He argues that, according to the Commissioner, the only other person present at the time of the alleged abuse was the child and that due process demands that he be permitted to have the child questioned by or before the court. He concedes that the interview should be in chambers and that every effort should be made to structure it so as to make it as nonaversive as possible for the child. (See, Matter of Lincoln v Lincoln, 24 NY2d 270.)
Both the Commissioner and the Law Guardian opposed the application arguing that Family Court Act § 1046 (a) (vi) makes the child’s hearsay statements admissible in order to spare the child the emotional trauma connected with giving testimony. Neither takes the position that no child, even one of the subject child’s tender years, should be excluded as a witness in all circumstances and neither has presented evidence that testimony would cause particular discomfort or damage to this child. The Law Guardian did say that she had asked the child if she wished to testify and that the child had answered no.
The Commissioner argues that the decision as to whether the child should testify should be made by him and the Law Guardian believes she should decide. Neither believes the decision should rest with the court.
*1039 THE LAW
A respondent in a child protective proceeding is entitled to due process. (Family Ct Act § 1011; Matter of Hanson, 51 AD2d 696.) However, as the United States Supreme Court held in Lassiter v Department of Social Servs. (452 US 18, 24-25): "For all its consequence, 'due process’ has never been, and perhaps can never be, precisely defined. '[Ujnlike some legal rules,’ this Court has said, due process 'is not a technical conception with a fixed content unrelated to time, place and circumstances.’ Cafeteria Workers v. McElroy, 367 U. S. 886, 895. Rather, the phrase expresses the requirement of 'fundamental fairness,’ a requirement whose meaning can be as opaque as its importance is lofty. Applying the Due Process Clause is therefore an uncertain enterprise which must discover what 'fundamental fairness’ consists of in a particular situation by first considering any relevant precedents and then by assessing the several interests that are at stake. ” (Emphasis added.)
In defining due process in Family Court proceedings, the court must consider its role as parens patriae and its duty to protect the child before it. (Matter of Lincoln v Lincoln, supra; Matter of Cecilia R., 36 NY2d 317; Matter of Raymond Dean L., 109 AD2d 87; Matter of Maria F., 104 Misc 2d 319.) It is within that framework that a determination must be made.
Counsel in their memoranda of law cite no authority on point and the court has found none. There appears to be no reported decision on the question in issue.
The right to call witnesses in one’s defense is a basic principle of our legal system and a reluctant witness may be compelled to appear and testify. (CPLR 2301, 2302, 2305.) Certainly, the right is an important element of due process.
In child protective proceedings, even due process must be balanced against the State’s obligation to protect the health, safety and well-being of children who are incapable of self-protection. (Matter of Maria F., supra.) In order to balance that State interest and a parent’s right to due process and to bring up his or her children without government interference (see, Meyer v Nebraska, 262 US 390), the Legislature enacted Family Court Act article 10. (Family Ct Act § 1011.)
Article 10 contemplates a situation where a child is unable to testify under oath or cannot or will not testify at all. Section 1046 (a) (vi) permits the child’s hearsay testimony to be received. The purpose of that statute is to permit a peti *1040 tioner, under appropriate circumstances, to prove a case where the child’s testimony is unavailable to the court. (Matter of Dana F., 113 AD2d 939.) It is not to give either a petitioner or a Law Guardian the strategic advantage of deciding whether the child’s testimony shall be presented directly or by hearsay.
There are circumstances where the Family Court may grant a protective order dispensing with a child’s testimony in court. Such order should be granted only after a careful balancing of the potential harm to the child, the value of the child’s testimony and the parent’s rights, keeping in mind that a wrongful finding of child abuse can be as damaging to the child and her or his family as a wrongful dismissal of the proceeding.
If it intended that all children, or all children of tender years, were to be excluded from testifying, the Legislature would have so provided. Therefore, in order to obtain a protective order, the petitioner or Law Guardian must present evidence of potential harm to the child.
A conclusory statement that testifying will be harmful to a child of tender years is insufficient to obtain a protective order. Similarly, the bare statement by a child that she does not wish to testify is not sufficient foundation for a protective order. Indeed, most witnesses, be they children or adults, would, if asked, opt not to testify.
The Appellate Division, cognizant of the possibility that a child may be unable or unwilling to confirm his or her out-of-court statements, teaches us that a finding of child abuse can be made even in the face of a child’s failure to confirm a prior statement. (Matter of Dana F., supra.) Considering the totality of the circumstances, the court may credit the out-of-court statements and reject the in-court testimony.
DECISION
Neither the petitioner nor the respondent have put forth any reason why this child should not testify. The argument that either the Commissioner or the Law Guardian should determine if a child should testify must be rejected. That determination may only be made by the court.
The court having received no evidence that testifying will be detrimental to the child, respondent’s motion is granted. The Commissioner is ordered to produce the child in chambers at 3:00 p.m. on April 30, to be interviewed by the court.