■ In the Matter of T. CHILDREN. COMMISSIONER OF THE NEW YORK CITY DEPARTMENT OF SOCIAL SERVICES et al., Appellants-Respondents; MIGUEL T., Respondent-Appellant; LIDIA M., Respondent.—In a child protective proceeding pursuant to Family Court Act article 10, the petitioner Commissioner of the New York City Department of Social Services and the Law Guardian on behalf of the children appeal, and the father

cross-appeals, from an order of disposition of the Family Court, Kings County (Gallet, J.), dated April 23, 1986, which, upon a fact-finding determination of the same court, dated March 5, 1986, made after a hearing, dismissing the petition as against the respondent mother and adjudging the children to be abused by the father, released them to the mother pursuant to an order of protection against the father.

Order reversed, on the law and the facts, without costs or disbursements, fact-finding order vacated with respect to the father, and proceeding remitted to the Family Court, Kings County, for a new fact-finding hearing in accordance herewith and a new determination. Pending the new fact-finding hearing and a new determination, custody of the children shall remain with the mother and the order of protection of the same court (Gallet, J.), dated April 23, 1986, shall remain in full force and effect.

On or about November 26, 1985, a child abuse petition was filed by the Commissioner of the New York City Department of Social Services alleging that on or about November 13, 1985, Miguel T., sexually abused his six-year-old son, Ricardo T., "by laying on top of the child and rubbing his penis against the child's genital area causing pain and laceration to the child's penis." The petition also alleged that the respondent mother, Lidia M., failed to protect the child by not having the father removed from the house. At the fact-finding hearing the evidence presented by the petitioner consisted of the testimony of a Bureau of Child Welfare (hereinafter B.C.W.) caseworker who was on her first sexual abuse case and a Woodhull Hospital pediatrician who had been recently licensed in 1983. The caseworker's testimony indicated that Ricardo T. spoke English poorly and had apparently been referred to the school guidance counselor and nurse by his teacher on November 15, 1985, as a result of something he had said to the teacher. Neither the teacher, the guidance counselor, nor the nurse testified at the fact-finding hearing. The caseworker testified that in response to her question, in Spanish, Ricardo told her that his father lay on top of him belly to belly and rubbed himself and put his penis on top of Ricardo's little penis and that his penis hurt him. The child said that the incident occurred only once, during the night, but he was unable to remember when.

The pediatrician testified that on November 18, 1985, Ricardo told her that the father had come into his room and had placed his penis on Ricardo's chest area and genitalia, and that it happened only once, one week prior to the examina-

tion. The pediatrician's physical examination of Ricardo T. revealed small discrete lesions around the junction of the glans and the shaft of the uncircumcised penis. The pediatrician testified that uncircumcised children often get chronic infections and inflammations of this area and "felt that what possibly could have occurred was that the child had chronic inflammation and adhesions formed between the foreskin and the glands *[sic]*. It is possible but I cannot say for sure that the foreskin had been pulled back forcefully and created these abrasions or denuted lesions". The pediatrician telephoned a sex abuse expert at Montefiore Hospital and described the lesions to her. The expert told the pediatrician that she could not remember a case where such lesions existed. The pediatrician then diagnosed probable sexual abuse "mainly on the basis of the history". Upon a query from the court asking that if she had seen the lesions without any history from the child, would she have come to the same diagnosis, the pediatrician responded "No".

After the petitioner rested, the petition against the mother was dismissed for failure to make out a prima facie case. The father's motion to dismiss on the same ground was denied.

The father testified, in the face of a warning of possible criminal consequences, that he did not commit the act of which he was accused. The mother also testified and stated that she did not believe her husband sexually abused Ricardo. Although the mother described Ricardo as an honest child, she believed that in this case, "he may be making it up".

Based on the evidence adduced at the fact-finding hearing, the Family Court made a finding of sexual abuse against the father. The Family Court returned the parties' children to the custody of the mother and issued an order of protection against the father.

While cognizant that fundamental constitutional principles of due process and protected privacy interests prohibit governmental interference with the liberty of a parent to supervise and rear a child except upon a demonstration of overriding necessity, i.e., abandonment, surrender, persistent neglect, unfitness or other like behavior evincing utter indifference and irresponsibility towards the child's welfare *(Matter of Marie B.,* 62 NY2d 352, 358), we cannot lose sight of the countervailing State interest in protecting the well-being of children. We have recently ruled that the State's overwhelming interest in protecting and promoting the best interests and safety of minors in a child protective proceeding far outba-

lances the deterrent value of the exclusionary rule and mandates the admissibility of relevant evidence seized during an illegal search *(Matter of Diane P.,* 110 AD2d 354). "Of paramount importance are the best interests and welfare of the children" *(Matter of Marsha B. F.,* 110 AD2d 549, 550).

In view of the record before us, we find that the Family Court's finding of sexual abuse by the father is not supported by the preponderance of the evidence *(see,* Family Ct Act § 1046 [b] [i]; *Matter of Hofbauer,* 47 NY2d 648). However, in view of the severity of the allegations and the potential for physical and emotional injury to the child, the proceeding is remitted to the Family Court for a new fact-finding hearing at which the court shall, *inter alia,* hear testimony from the teacher, guidance counselor, and the nurse with whom the child spoke, as well as from a physician and psychiatrist to be appointed by the court to examine the child with respect to the allegations of abuse *(see, Matter of Dara R.,* 119 AD2d 579).

In conclusion, we note that Family Court properly dismissed the abuse petition against the mother due to the failure to make out a prima facie case. Accordingly, the court did not abuse its discretion in returning the children to the custody of the mother, but pending final determination of this proceeding, we are continuing the order of protection against the father. Mollen, P. J., Weinstein, Lawrence and Kunzeman, JJ., concur.