■ In the Matter of FAWN S., Appellant. COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Appellant; RONALD S., Respondent.—In a child protective proceeding pursuant to Family Court Act article 10, the petitioner Commissioner of the New York City Department of Social Services and the Law Guardian on behalf of the child appeal from an order of disposition of the Family Court, Queens County (Gilman, J.), dated May 6, 1985, which, after the close of the petitioner's case at the fact-finding hearing, dismissed the petition.

Ordered that the order is reversed, without costs or disbursements, the proceeding is remitted to the Family Court, Queens County, for a new fact-finding hearing and determination, and the temporary order of protection originally dated March 1, 1985 is reinstated and continued pending that new hearing and determination.

The petition in this child abuse proceeding alleged that the respondent had sexually abused his daughter. The Family Court dismissed the petition for failure to prove a prima facie case, on the ground that the petitioner had failed to corroborate the unsworn, in camera testimony given by the child, as it understood was required by Family Court Act § 1046 (a) (vi). Because the statutory requirement does not apply to in camera testimony, and the petitioner did make out a prima facie case, the order dismissing the petition should be reversed based on the corroborated out-of-court statements of the child.

Family Court Act § 1046 (a) (vi), which provided, at the time of the hearing, that in any article 10 proceeding, "previous statements made by the child relating to any allegations of abuse or neglect shall be admissible in evidence; provided, however, that no such statement, if uncorroborated, shall be sufficient to make a fact-finding of abuse or neglect". The

corroboration requirement, however, does not apply to statements which are admissible independently of this exception to the hearsay rule *(Matter of Lydia K.,* 67 NY2d 681, *affg* 112 AD2d 306). Unsworn testimony is admissible in Family Court proceedings pursuant to Family Court Act § 152 (b) and we have declared in dictum that the in camera examination of a child is appropriate in an article 10 proceeding *(see, Matter of Bernelle P.,* 59 AD2d 764, *affd* 45 NY2d 937). Thus, it was error to conclude that the in camera testimony constituted a previous statement within the meaning of the section requiring corroboration. Although there is a significant question as to whether the nature of in camera testimony precludes it from being a sufficient basis by itself for a finding of fact *(see, Matter of Lincoln v Lincoln,* 24 NY2d 270, 273-274), we need not address that issue here, since we find that the petitioner did make out a prima facie case of abuse.

Beyond the in camera statements of the child, the record of the fact-finding hearing includes the testimony of Fawn's mother as to out-of-court statements by Fawn which described in detail the respondent's abusive acts, and the testimony of a psychologist and a social worker that Fawn had made similar statements to them on separate occasions. The corroboration requirement that the Family Court erroneously applied to Fawn's in camera testimony (Family Ct Act § 1046 [a] [vi]) properly applies to these out-of-court statements. The psychologist's conclusion based on numerous therapy sessions with Fawn, that Fawn had been abused, and Fawn's own in camera testimony provide sufficient corroboration of her out-of-court statements.

What constitutes corroboration will vary with the policy sought to be served by the corroboration requirement *(see, People v Daniels,* 37 NY2d 624, 628). The standard for determining what constitutes corroborative evidence sufficient to make out a prima facie case of child abuse on the basis of the out-of-court statements of the child is not unduly stringent. In *Matter of Dana F.* (113 AD2d 939, 940-941), we reversed the dismissal of a petition for lack of corroboration and, while declining to make the fact finding ourselves, remitted the matter for a new hearing "at which the court should hear testimony from the child's pediatrician, psychiatrist and/or caseworker regarding their investigations of this complaint". Thus, a broad range of evidence, including the testimony of medical, psychological and social work experts may be sufficient to provide the requisite corroboration. We also stated in *Dana F. (supra,* at p 940), that "a child's statements during an

in camera interview can, in certain circumstances, supply corroboration for previous out-of-court statements regarding abuse or neglect". The expert psychological testimony validating the child's out-of-court statements and the child's own in camera statement provide the requisite corroboration.

The fact that this corroborative evidence does not point specifically to the respondent as the abuser is irrelevant. In *Matter of Dara R.* (119 AD2d 579, 580), we reversed an order dismissing the petition "in view of the seriousness of the allegations and because of the evidence adduced at the fact-finding hearing of physical and emotional injury to the child", even though the record did not establish that the child had been abused by the respondent. Similarly, the failure to corroborate the child's out-of-court statement as to the respondent's identity as the abuser is not fatal to the petitioner's prima facie case. Lazer, J. P., Bracken, Niehoff and Kooper, JJ., concur.