OPINION OF THE COURT
Jeffry H. Gallet, J.
At issue here is whether the court, in a child abuse proceeding, may, sua sponte, order the petitioner Commissioner of *226 Social Services to call as a witness a person conceded to be under the Commissioner’s control, whom the court believes has relevant testimony to give.
FACTS
The respondent father is accused of inserting his finger in the anus and vagina of his S^-year-old daughter. The Commissioner, for his direct case, presented hearsay testimony of the child’s statements of the alleged abuse (Family Ct Act § 1046 [a] [vi]) and the "validation” testimony of a child psychiatrist. The nonrespondent mother, a witness the Commissioner concedes is under his control, was not called.
The mother has actual knowledge of several important issues among which were changes in the child’s behavior pattern after the alleged sexual abuse and the physical condition of the child’s clothing upon her return home the night of the alleged incident.
THE LAW
The Commissioner takes the position that, as a matter of trial tactics, he is reserving the mother as a possible rebuttal witness and that the court should not interfere with his strategy. The father argues that the court should not compel the testimony of the mother because he would lose the possible adverse inference which might be drawn from her failure to testify.
As a general rule, the parties decide which witnesses are to be called and when they will testify. If a party declines to call a material witness within her or his control, the finder of the facts may draw a negative inference from that failure. (People v Gonzalez, 68 NY2d 424; Zerilli v Zerilli, 110 AD2d 634.) However, traditional rules of evidence and trial practice frequently yield to the overwhelming public policy consideration of having all possible evidence before a court making a determination in a child protective proceeding. (See, for example, Family Ct Act § 1046.) Standards applicable to hearsay and corroboration evidence in other cases are specifically not applicable to child protective proceedings. (Family Ct Act § 1046; Matter of Nicole V., 123 AD2d 97.) Appellate courts have permitted, indeed in some instances directed, Judges in child protective proceedings to call physicians, psychiatrists, *227 teachers, guidance counselors, nurses and social workers as witnesses. (Matter of T. Children, 123 AD2d 390; Matter of Dara R., 119 AD2d 579; Matter of Lahrick L., 118 AD2d 709; Matter of Dana F., 113 AD2d 939.)
While this court is sensitive to the protection of a parent’s rights (see, Matter of McGee, 131 Misc 2d 1037; Matter of Meyer, 132 Misc 2d 415) it notes that those rights must be considered in light of the totality of the circumstances. (Lassiter v Department of Social Servs., 452 US 18.) We must not lose sight of the fact that "[t]he paramount concerns in [a child protective] proceeding are the best interests and welfare of the child” (Matter of Sharnetta N., 120 AD2d 276, 280) or that their "express purpose * * * [is] 'to help protect children from injury or mistreatment and to help safeguard their physical, mental, and emotional well-being’ "(Matter of Cindy JJ., 105 AD2d 189, 191). I find that I have a duty to act affirmatively to ensure that all of the facts are before me before a decision is made. (Matter of T. Children, supra; Matter of Dara R., supra; Matter of Lahrick L., supra; Matter of Dana F., supra.) The Corporation Counsel has the same obligation. (See, Code of Professional Responsibility EC 7-14, which requires a public lawyer to "seek justice and to develop a full and fair record”.)
The consequences of a mistake in a child protective proceeding are simply too great for cases to be decided on inferences or partial evidence when a full record can be developed. A wrong finding in a child abuse case can lead to physical harm to, or even the death of, a child or the wrongful interruption of a child’s normal relationship with her or his parent. Here the mother’s testimony as to the child’s behavior and her physical condition are important to an accurate fact finding in this case. (Matter of Nicole V., supra; Matter of Michael G., 129 Misc 2d 186.)
DECISION
Accordingly, this court finds that it has an affirmative duty to ensure that a full and complete presentation of all evidence is made in a child protective proceeding and, therefore, orders the Commissioner to call the mother, whom he concedes is a person under his control, as a witness.