■ In the Matter of JUSTIN D. et al., Children Alleged to be Permanently Neglected. ORLEAN D. et al., Respondents; COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK,

Appellant.—In a child protective proceeding pursuant to Family Court Act article 10, the petitioner appeals from an order of the Family Court, Kings County (Palmer, J.), dated March 8, 1988, which denied his application for an adjournment and, at the conclusion of the fact-finding hearing dismissed the petition.

Ordered that the order is affirmed, without costs or disbursements.

The respondents Orlean and Harry D. are the parents of the child Harry D., Jr. and the grandparents of the infant child Justin D. The third respondent is the mother of Justin D. The instant neglect petition charged the respondents with having conducted drug sales from their apartment and having maintained drug paraphernalia and weapons on the premises in the presence of Harry D. Jr., and Justin D. The petition was filed following the execution of a search warrant at the apartment by the police.

On appeal the petitioner argues that the Family Court abused its discretion in refusing to grant an adjournment of the hearing to permit the attendance of the police officer who had provided the information which formed the basis of the petition. The officer had been unavailable on a prior hearing date and at that time, the court had granted an adjournment but marked the matter final against the petitioner. On the adjourned date, when the police officer was still unavailable, the court refused to grant a further adjournment and directed the petitioner to proceed with the case.

Under the circumstances, we find that there was no improvident exercise of discretion in refusing to grant the adjournment. While, generally, a court, in a matter such as this in which the welfare of a child is involved, should grant a reasonable adjournment to secure the attendance of material witnesses (Matter of Tanya G., 79 AD2d 881; see also, Matter of Patricia L. v Steven L., 119 AD2d 221), the court here had already granted the petitioner one adjournment to secure the witness's testimony. Moreover, no reasonable explanation was provided as to why none of the other police officers who participated in the execution of the search warrant—and there were at least four other officers involved—could not be produced to provide similar testimony. Further, we fail to see how any significant prejudice could have resulted since the police report, prepared by the missing officer, was received in evidence at the hearing and was apparently fully considered by the court.

Finally, on the merits, the record supports the finding of the Family Court that the petitioner failed to prove neglect. The court noted that there was no evidence that the infant had been harmed by any of the alleged activities in the apartment and that the separate Family Court matter involving the teenager based on this same incident, had been adjourned in contemplation of dismissal.

Moreover, the caseworker who investigated the matter admitted that his inspection had revealed that the conditions in the apartment were acceptable and, based upon his examination of the infant, the child appeared healthy and was engaged in appropriate activities. It also bears noting that the respondents Orlean and Harry D. have both been gainfully employed for over 17 years, he as a New York City Transit Authority bus driver and she as an admitting clerk at a public hospital and had never been arrested previously. Additionally, the criminal charges against the respondents were dismissed. Finally, the guardian ad litem conceded that the proof before the court did not warrant a finding of neglect. Thompson, J. P., Brown and Harwood, J., concur.

Weinstein, J., dissents and votes to reverse the order appealed from, reinstate the petition and remit the matter to the Family Court, Kings County, for a fact-finding hearing in accordance with the following memorandum in which Rubin, J., concurs: Consistent with the underlying purpose of Family Court Act article 10 proceedings which is "to help protect children from injury or mistreatment and to help safeguard their physical, mental, and emotional well-being" (Family Ct Act § 1011), I regard the Family Court's refusal to grant the requested adjournment as an improvident exercise of discretion. Given the underlying circumstances in which there was a reasonable explanation for the absence of the witness, an apparent lack of prejudice to the other parties by reason of a further brief delay and, most significantly, where the children's well-being was at stake, the matter should have been remitted for a new fact-finding hearing.

By way of pertinent factual background, a search conducted pursuant to a warrant of the apartment in which the two allegedly neglected children resided revealed a small arsenal of weapons and drug paraphernalia. Although the resulting criminal charges against the respondent parents were dismissed, the underlying neglect petition was filed pursuant to the information provided by Detective Monahan, the officer who conducted the search.

The originally scheduled fact-finding hearing was adjourned

at the petitioner's request due to the unavailability of Detective Monahan, the main witness. The reason advanced was that Detective Monahan had since been transferred to another precinct and the appearance control unit had failed to properly notify him of the hearing date. The adjournment was marked final against the petitioner. On the adjourned date, Detective Monahan was again unavailable. At that time, the petitioner's counsel informed the court that although Detective Monahan had been informed of the rescheduled date, he was away on a previously planned vacation to Ireland and would not return until the following week. Notwithstanding the petitioner's assurances that the detective would be available to testify the following week, the court denied the application for a second adjournment and ordered that the hearing be commenced.

Relying only upon the testimony of the caseworker and the police reports in evidence, the court found that the allegations of neglect set forth in the petition had not been proven by a preponderance of the evidence and dismissed the petition, stating: "I think since the police and the Criminal Court and the justice system have not gone any further against these respondents, it's not up to the Family Court to pick up the ball and deal with this by means of further criminal prosecution of these people".

While the evidence of neglect was certainly less than compelling on the instant record, the gravity of the instant allegations and the potential for serious harm to the two children require that further findings of fact be made after an additional hearing (see, Matter of Patricia L. v Steven L., 119 AD2d 221; Matter of Gale, 135 Misc 2d 225). By refusing to grant a short, reasonable adjournment to permit the attendance of a necessary and important witness whose absence was likewise reasonably explained (see, People v Brown, 78 AD2d 861; see also, Balogh v H.R.B. Caterers, 88 AD2d 136; Bruce v Hospital for Special Surgery, 34 AD2d 963), the court, in effect, based its determination on less than a full and complete record (see, Matter of Rhonda T., 99 AD2d 758). Moreover, the hearing court contravened the general tenet that requests for brief adjournments to secure witnesses should be granted where the witness is identified, is within the court's jurisdiction and where there is a showing of some diligence and good faith (People v Brown, supra).

Directing the petitioner to commence the hearing in the absence of a crucial witness in order to prevent delay effectively placed the court's interest in managing its calendar

above the best interests of the children and gave unacceptable prominence to expediency *(see, Matter of Patricia L. v Steven L., supra,* at 226). Inasmuch as the hearing involved the health, safety and welfare of young children, it was an abuse of discretion not to grant a reasonable adjournment *(Matter of Tanya G.,* 79 AD2d 881) and the matter should be remitted to the Family Court to enable it to properly carry out its duty. Accordingly, I vote to reverse the order appealed from, reinstate the petition and remit the matter to the Family Court for a further fact-finding hearing at which Detective Monahan's testimony shall be heard. Additionally, in view of the serious allegations and the potential for serious impairment of the childrens' physical, mental and emotional condition, the testimony of a court-appointed psychiatrist should also be heard to determine whether the condition of the children has been impaired heretofore *(see, Matter of T. Children,* 123 AD2d 390, 393, *lv dismissed* 69 NY2d 899; *Matter of Dara R.,* 119 AD2d 579, 580-581). A full and complete record is thus essential and absent this, the best interests of the children cannot be accurately assessed *(see, Matter of Patricia L. v Steven L., supra,* at 226; *Matter of Gale, supra,* at 227). Accordingly, I deem it error for the Family Court to have dismissed the petition under these circumstances and vote to reverse the order under review.