■ In the Matter of ANTHONY R. C., JR. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; ANTHONY R. C. et al., Respondents.—In a child protective proceeding pursuant to Family Court Act article 10, the appeal is from an order of the Family Court, Nassau County (Capilli, J.), entered July 10, 1989, which, after a hearing, dismissed the petition against the respondent parents.

Ordered that the order is affirmed, without costs or disbursements.

The child, a 5½-month old baby who had been born prematurely, was brought to a hospital by his mother and grandmother. He was found to have a fractured arm. In addition, X rays taken approximately 10 days earlier were examined and disclosed healing rib fractures. The child's parents testified that they attributed the fractured arm to an incident in which the child fell out of his father's arms when the father tripped while climbing up stairs. As to the rib fractures, there was no evidence that the parents knew of this injury prior to its discovery in the hospital. The parents stated that the only explanation they could offer was that this injury was inflicted on the child while undergoing physical therapy.

At a fact-finding hearing, the petitioner introduced the testimony of two medical experts who stated that the arm and rib fractures were not likely to have occurred in the manner described by the parents. Expert testimony offered by the parents, however, indicated that the arm fracture could have occurred in the manner described by them and that the rib fractures may have occurred during the child's physical therapy, although this would not be common. Further, the child's mother and grandfather testified that he received physical therapy six or seven days before his X rays were taken and that the child became visibly upset at that time. Finally, the parents' expert stated that the rib fractures could have been 7 to 14 days old.

We find that the Family Court incorrectly deemed Family Court Act § 1046 (a) (ii) to be inapplicable. This statute provides for a presumption of neglect or abuse whenever the injuries or condition of a child are such as would not ordinarily occur except by the acts or omissions of a parent or

guardian. That is, once the petitioner has offered sufficient evidence that the child has suffered a "substantial injury", the burden shifts to the respondent parents to come forward with a reasonable explanation for the injury *(Matter of Tammie Z., 66 NY2d 1; Matter of Jovann B.,* 153 AD2d 858; *Matter of Shawniece E.,* 110 AD2d 900). Here, the petitioner offered sufficient expert evidence establishing the applicability of Family Court Act § 1046 (a) (ii). Nevertheless, we find that the parents met their burden of coming forward with a reasonable explanation and were properly found to be credible witnesses *(cf., Matter of Marcus S.,* 123 AD2d 702). Moreover, we note that the child's Law Guardian, who made a thorough inquiry into the family situation, opposes the removal of the child from his parents and stated that it is her opinion that the child's parents did not neglect or abuse the child *(see, Matter of Justin D.,* 143 AD2d 346). Brown, J. P., Kooper, Harwood and Miller, JJ., concur.