■ In the Matter of ANTHONYA J. URSELIN J. et al., Respondents; COMMISSIONER OF THE ADMINISTRATION FOR CHILDREN'S SERVICES OF THE CITY OF NEW YORK, Appellant. (Proceeding No. 1.) In the Matter of ALICEA J. URSELIN J., et al., Respondents; COMMISSIONER OF THE ADMINISTRATION FOR CHILDREN'S SERVICES OF THE CITY OF NEW YORK, Appellant. (Proceeding No. 2.) In the Matter of ANTHEA J. URSELIN J. et al., Respondents; COMMISSIONER OF THE ADMINISTRATION FOR CHILDREN'S SERVICES OF THE CITY OF NEW YORK, Appellant. (Proceeding No. 3.) [710 NYS2d 647] —In three related child protective proceedings pursuant to Family Court Act article 10, the petitioner appeals from three orders (one as to each child) of the Family Court, Kings County (Lopez Torres, J.), all dated October 12, 1999, which dismissed the petitions.

Ordered that the orders are reversed, as a matter of discretion, without costs or disbursements, the petitions are reinstated, and the matter is remitted for a new determination following a new fact-finding hearing.

Contrary to the petitioner's contention, it failed to establish a prima facie case on its three petitions (see, Hambsch v New York City Tr. Auth., 63 NY2d 723, 726; Nuzzo v Castellano, 254 AD2d 265). However, the matter should be remitted for new fact-finding hearings so that the medical records of the subject child Anthonya can be subpoenaed from SUNY-Downstate Hospital (see, Family Ct Act §§ 153, 1048 [a]; Matter of T. Children, 123 AD2d 390; Matter of Dara R., 119 AD2d 579; Matter of Lahrick L., 118 AD2d 709). During the fact-finding hearing, Anthonya's doctor testified that he had prescribed antibiotics for treating chlamydia after receiving test results from that hospital, and that he based his diagnosis of sexual abuse on medical records from that hospital. Accordingly, it was incumbent upon the Family Court to determine, at the least, if the alleged records existed. Bracken, J. P., Santucci, McGinity and Feuerstein, JJ., concur.